GLASS ET AL., APPELLANTS, *v.* BASIN & BAY STATE MIN-
ING COMPANY, RESPONDENT.

(No. 2,408.)

(Submitted June 18, 1907. Decided June 28, 1907.)

[90 Pac. 753.]

*Judgments—On Pleadings—Conclusiveness—Law of the Case.*

Appeal—Law of the Case—Judgments—*Res Adjudicata.*
1. The decision of the supreme court on a former appeal that a judgment on the pleadings is the same as a judgment on demurrer, and that a judgment, relied on as *res adjudicata,* showed upon its face that it belonged to the class referred to in section 1007 of the Code of Civil Procedure, when it declares that a final judgment dismissing a complaint is not a bar to a new action on the same cause of action "unless it expressly declares, or it appears by the judgment-roll, that it is rendered upon its merits," constitutes the law of the case on a subsequent appeal.

Judgment on Pleadings—On Merits.
2. For a judgment on the pleadings to constitute a judgment on the "merits," as that term is used in section 1005 of the Code of Civil Procedure, which provides that "in all cases, other than those mentioned in section 1004," judgment must be rendered on the "merits," it must determine the merits of the controversy, as distinguished from the merits of the pleading attacked; and the mere fact that

section 1004 makes no mention of a judgment on the pleadings does not necessarily, by virtue of section 1005, constitute such a judgment one on the merits.

Judgment of Dismissal—When Bar to Another Action.

3. Under section 1007 of the Code of Civil Procedure, a judgment of dismissal is not a bar to another action upon the same cause of action, unless rendered on the merits, which fact must appear either by express declaration upon the face of the judgment, or elsewhere from the judgment-roll.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

ACTION by James Glass and another against the Basin & Bay State Mining Company. From a judgment in favor of defendant, plaintiffs appeal. Reversed and remanded.

*Mr. Edward Horsky,* and *Mr. M. S. Gunn,* for Appellant.

Citing: *Petrie* v. *Trustees,* 92 Hun, 81, 83, 36 N. Y. Supp. 636; *Wheeler* v. *Ruckman,* 51 N. Y. 391; *Genet* v. *Canal Co.,* 163 N. Y. 173, 178, 57 N. E. 297; *Richardson* v. *City of Eureka,* 110 Cal. 441, 42 Pac. 965; *Stannard* v. *Hubbell,* 56 Hun, 450, 647, 10 N. Y. Supp. 254, affirmed on appeal, in 123 N. Y. 520, 25 N. E. 1084; *Dexter* v. *Clark,* 122 How. Pr. (N. Y.) 289; *Cort* v. *Beard,* 32 Barb. (N. Y.) 357; *Gilman* v. *Rives,* 10 Pet. 301, 9 L. Ed. 432; Freeman on Judgments, sec. 267; *City of Los Angeles* v. *Mellas,* 59 Cal. 452; approved in *Kirsch* v. *Kirsch,* 113 Cal. 61, 45 Pac. 164; *Gerish* v. *Pratt,* 6 Minn. (Gil. 14) 61; *Lopen* v. *Kedgewin,* 1 Mod. 207; *Moore* v. *Dunn,* 41 Ohio St. 62; *Wells* v. *Moore,* 49 Mo. 229; *Gould* v. *Evansville etc. Co.,* 91 U. S. 526, 23 L. Ed. 416; Herman on Estoppel, sec. 274; *City of Aurora* v. *West,* 7 Wall. 82, 19 L. Ed. 42; *Pepper* v. *Donnoly,* 87 Ky. 259, 8 S. W. Rep. 441; *Rose* v. *Hawley,* 141 N. Y. 366, 36 N. E. 335, 337; *Marsh* v. *Masterson,* 101 N. Y. 401, 407, 5 N. E. 59; *Spelman* v. *Terry,* 74 N. Y. 448; *Shaw* v. *Broadbent,* 129 N. Y. 114, 29 N. E. 238; *Bell* v. *Merrifield,* 109 N. Y. 202, 4 Am. St. Rep. 436, 16 N. E. 55; *Hoag* v. *Town of Greenwich,* 61 Hun, 622, 15 N. Y. Supp. 743; s. c., 133 N. Y. 152, 30 N. E. 842.

*Messrs. Wight & Thompson,* for Appellant.

Citing: *Steinhauer* v. *Colmar,* 11 Colo. App. 291, 55 Pac. 291; 2 Abbott's Trial Brief, 2d ed., p. 1219; *People* v. *Skidmore,* 27 Cal. 294; *Kleinschmidt* v. *Binzel,* 14 Mont. 31, 43 Am. St. Rep. 604, 35 Pac. 460; 24 Am. & Eng. Ency. of Law, 795, 798; *Power* v. *Gum,* 6 Mont. 5, 9 Pac. 575; *Gould* v. *Evansville R. R. Co.,* 91 U. S. 532, 23 L. Ed. 416; *Bouchaud* v. *Dias,* 3 Denio, 238, 244; *Perkins* v. *Moore,* 16 Ala. 17; *Robinson* v. *Howard,* 5 Cal. 428; *Aurora City* v. *West,* 7 Wall. 99, 19 L. Ed. 42; *Goodrich* v. *City,* 5 Wall. 573, 18 L. Ed. 511; *Beloit* v. *Morgan,* 7 Wall. 619, 19 L. Ed. 205; *Rex* v. *Kingston,* 20 St. Tr. 588; *Hutchin* v. *Campbell,* 2 W. Black, 831; *Clearwater* v. *Meredith,* 1 Wall. 43, 17 L. Ed. 604; Gould on Pleadings, sec. 42; *Ricardo* v. *Garcias,* 12 Clark & F. 400; *Bissell* v. *Spring Valley Township,* 124 U. S. 232, 8 Sup. Ct. 495, 31 L. Ed. 411; *Aetna Life Ins. Co.* v. *Board of Commrs.,* 117 Fed. 87, 54 C. C. A. 468; *Plant* v. *Carpenter,* 19 Wash. 621, 53 Pac. 1108; *Hardy* v. *Hardy,* 97 Cal. 125, 31 Pac. 907; *Lamb* v. *McConkey.* 76 Iowa, 47, 40 N. W. 78; *Carlin* v. *Brackett,* 38 Minn. 307, 37 N. W. 342; *Porter* v. *Fraleigh,* 19 Ind. App. 562, 49 N. E. 863; *Robinson* v. *Howard,* 5 Cal. 428; *City of Los Angeles* v. *Mellus,* 58 Cal. 18; *Alley* v. *Nott,* 111 U. S. 475, 4 Sup. Ct. 495, 28 L. Ed. 492; *Messinger* v. *New England Mut. L. Ins. Co.,* 59 Fed. 416; *Lindsley* v. *Union S. S. Min. Co.,* 106 Fed. 470; 2 Black on Judgments, 2d ed., 709.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Some time prior to February 17, 1900, an action was commenced by these plaintiffs against this defendant in the district court of Jefferson county. On the last-mentioned date an amended complaint was filed, to which a general demurrer was interposed, but overruled, and defendant then answered. Thereupon defendant made a motion for judgment on the pleadings, which was sustained, and a judgment entered dismissing

the action. From that judgment an appeal was taken to this court, and the judgment affirmed. In the opinion rendered (*Glass et al. v. Basin & Bay State Min. Co.*, 31 Mont. 21, 77 Pac. 302) there is a complete statement made of the facts alleged in such amended complaint. No reference was made to the statements contained in the answer to such amended complaint, for they were of no consequence so far as that controversy was concerned. The district court should have sustained the general demurrer, and this was the effect of the court's ruling. On the appeal this court decided that the amended complaint did not state facts sufficient to constitute a cause of action, but expressly reserved the question whether the plaintiffs might sue and recover for money had and received. Thereupon plaintiffs instituted the present action in Lewis and Clark county against the same defendant to recover for money had and received. The answer, among other things, sets forth that this action is barred by the judgment rendered in the former case, and it is alleged that the second action is for the same cause of action as the first one was, and this allegation is admitted in the reply. After the pleadings were filed in this case, the defendant interposed its motion for judgment on the pleadings, which was sustained; but on appeal from the judgment entered this court determined (*Glass et al.* v. *Basin & Bay State Min. Co.*, 34 Mont. 88, 85 Pac. 746) that the district court erred in holding that the record then presented showed that the judgment in the former action constituted a bar to the bringing of this second action. Defendant thereupon amended its answer, making the judgment-roll in the first case a part of its answer in the second one; and, a reply thereto being filed by the plaintiffs, the defendant again moved for judgment on the pleadings, which was sustained, and a judgment entered, from which judgment the plaintiffs now appeal.

Upon the former appeal in this case (34 Mont., above) this court determined some of the questions which are now presented by counsel in their arguments. Those questions so de-

termined are: (1) "A judgment on the pleadings is the same
as a judgment on demurrer," and (2) "The judgment relied
on here [that is, the judgment rendered on the pleadings in the
first action and which was affirmed by this court in 31 Mont.,
above] shows upon its face that it belongs to the class referred
to in section 1007, Code of Civil Procedure." That decision be-
came the law of this case.

It is said by respondent that since section 1004 enumerates
certain judgments of dismissal and of nonsuit, and section 1005
declares that all other judgments are on the merits, and since
a judgment rendered on demurrer, or on motion for judgment
on the pleadings, is not one of those enumerated in section 1004,
it follows that the judgment rendered in the first case was nec-
essarily a judgment on the merits. But that contention has
been determined by this court at a time when section 243, Divi-
sion 1, Compiled Statutes of 1887, similar to section 1005, was in
force. In speaking of a contention, then made, that a judg-
ment rendered on demurrer to the complaint was necessarily
on the merits and a bar to another action for the same cause
of action, this court said: "It is further insisted that section
243 of the Code of Civil Procedure makes it obligatory to ren-
der judgment on the merits in all other cases than those stated
in the five subdivisions of the preceding section. The context,
the whole chapter of which that section is a part, shows that
section 243 relates to the case at a stage beyond the formation
of the pleadings, where it stands for consideration and judg-
ment on the merits, unless it is dismissed or nonsuited. The
interpretation and application of that section according to re-
spondent's contention would make a judgment or order on
demurrer conclude the merits, even if the demurrer stated no
ground which went to the merits, because such a case would
be 'other than those mentioned in section 242.' We think it
clear that the provisions of section 243 do not apply to this
consideration." (*Kleinschmidt* v. *Binzel*, 14 Mont., at page 61,
43 Am. St. Rep. 604, 35 Pac. 460.) In other words, a judg-

ment rendered on a demurrer to the complaint may or may not be a judgment on the merits, depending upon the circumstances of each case.

If the judgment determines the merits of the controversy, as distinguished from the merits of the pleading attacked, it is a judgment on the merits, as the term "merits" is meant to be understood in section 1005; otherwise, it is not. This court in the same case further said: "The authorities support the proposition urged by respondent that if the alleged cause of action is submitted on the merits by demurrer, admitting the facts alleged, but placing over against them in the judicial scale the proposition of law that the facts pleaded and thus admitted are insufficient to warrant judgment in favor of the pleader, and upon due weighing of the law and the facts, those facts are judged insufficient by sustaining the demurrer, and this ruling is allowed to stand, those facts thereby pass under the rule of *things adjudicated,* and the party against whom such adjudication proceeds, as well as his privies and representatives, are thereby barred from again asserting the same facts in another action pertaining to the subject as effectually as though such facts were found from the proof or admitted *ore tenus* in the course of the trial. Such appears to be the rule deducible from the authorities, without much conflict. (*Gould* v. *Evansville etc. R. R. Co.,* 91 U. S. 526; *Bissell* v. *Spring Valley Township,* 124 U. S. 225, 31 L. Ed. 411; *Griffin* v. *Seymour,* 15 Iowa, 30, 85 Am. Dec. 396; *Robinson* v. *Howard,* 5 Cal. 429; *Bouchaud* v. *Dias,* 3 Denio, 238; *People* v. *Stephens,* 51 How. Pr. (N. Y.) 235.) But this rule should always be stated and applied with due regard to some modifying conditions, which it is not permitted to violate. Thus, when the pleader has submitted to the ruling of the court on demurrer against the sufficiency of the cause of action or defense, as stated, that ruling would not bar him or those in privity with him from again asserting the same facts, accompanied by additional allegations which complete the statement of a good cause of action or defense." (*Kleinschmidt* v. *Binzel,* 14

Mont. 52.) And this appears to be the generally accepted doctrine. (24 Am. & Eng. Ency. of Law, 2d ed., 799, 800, and cases cited; 23 Cyc. 1154, 1155, and cases cited; *Gould* v. *Evansville etc. R. R. Co.*, 91 U. S. 526, 23 L. Ed. 416.)

And this conclusion by the authorities is borne out by section 3196 of our Code of Civil Procedure, which defines the effects of a judgment. After referring to certain classes of judgments, into none of which the judgment here pleaded falls, subdivision 2 of that section provides, among other things: "In other cases the judgment or order is, *in respect to the matter directly adjudged,* conclusive," etc.

Now, what was the matter directly adjudged in the first case? We have said that it was in effect a judgment on demurrer to the complaint, and, in our opinion, determined only that the complaint as then drawn did not state facts sufficient to constitute a cause of action. This was precisely what this court decided on the appeal from that judgment, but particularly reserved the question whether the plaintiffs might sue and recover for money had and received. In any event, a judgment on the pleadings is to be governed by the rules applicable to a judgment on demurrer. (*Power* v. *Gum*, 6 Mont. 5, 9 Pac. 575; *Glass et al.* v. *Basin & Bay State Min. Co.*, 34 Mont., above.) It was decided by this court on the former appeal (34 Mont., at page 95) that the judgment pleaded as a bar in this action belongs to the class referred to in section 1007. That is also the law of this case. That judgment, then, was a final judgment dismissing the complaint, and whether it was one of those mentioned in 1004 or not is immaterial.

In most of the states it is sufficient, in order to render a judgment a bar to another action for the same cause of action, that it was rendered on the merits. But that is not sufficient under our statute, when the judgment is one falling within the class designated in section 1007. That section provides: "A final judgment dismissing the complaint, either before or after trial, does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the

judgment-roll, that it is rendered upon its merits." So far as the judgment itself is concerned, there must be an express declaration of the fact that it is rendered on the merits; and if the judgment is silent, and recourse must be had to the judgment-roll, then what is it that must appear from such judgment-roll? Is it (1) *the fact* that the judgment was rendered on the merits? or (2) will it suffice that the court can draw the legal conclusion that such was the character of the judgment?

The appellants contend for the first alternative, and the respondent for the second. But this question has also been settled by this court. In the former opinion (34 Mont. at page 95) this court further said: "This provision (section 1007, Code Civ. Proc.), construed with the others, means nothing more nor less than that judgments of dismissal, whether included in the enumeration in 1004 or not, shall not be a bar to another action upon the same cause of action, unless rendered on the merits, which *fact* must be expressly declared upon the face of the judgment or appear from the judgment-roll." (*Glass et al.* v. *Basin & Bay State Min. Co.,* 34 Mont., at page 95.) And this is also the law of this case, and, we think, clearly correct.

The legislature certainly did not intend to set the matter at rest altogether in the one instance by requiring an express declaration of the *fact* that the judgment was upon the merits, when the judgment alone is offered as proof, and in the other leave it open for the many different conclusions which might be drawn from the same records by different courts. Obviously, what the legislature meant was that, if recourse is had to the judgment alone, the judgment must contain an express declaration of the fact that it was rendered upon the merits; and if the judgment is silent, then, if it appears by express declaration of the fact in the judgment-roll elsewhere than in the judgment, it will be sufficient to constitute the judgment a bar to another action for the same cause of action. This seems to be the holding of the court of appeals of New York upon a statute similar to our section 1007 above (*Genet* v. *Delaware & Hud-*

*son Canal Co.*, 170 N. Y. 278, 63 N. E. 350), and we have not been able to ascertain that any states other than New York and Montana have this statute, so that decisions from other states are of little assistance upon this phase of the case.

In order, then, to successfully maintain that a judgment of the class mentioned in section 1007, above, is a bar to another action for the same cause of action, (1) such judgment must be upon the merits, and (2) *the fact* that it is upon the merits must appear by express declaration either from the judgment or elsewhere from the judgment-roll. As it does not appear, either from the judgment or elsewhere from the judgment-roll of the first case, that both of these conditions are met, the district court erred in sustaining the motion for judgment on the pleadings.

The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.