No. 88-294

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

FIRST INTERSTATE BANK OF KALISPELL,
N.A., a National Banking Association,

Plaintiff and Respondent,

-vs-

DWAYNE B. WANN and KATHY A. WANN,

Defendants and Appellants.

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Warden, Christiansen, Johnson & Berg; Gary R.
Christiansen, Kalispell, Montana

For Respondent:

Murphy, Robinson, Heckathorn & Phillips; Steve E.
Cummings, Kalispell, Montana

Submitted on Briefs: Oct. 27, 1988

Decided: December 8, 1988

Filed:

FILED
'88 DEC 8 AM 10 38
MONTANA SUPREME COURT

_Ethel M. Harrison_
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Defendants appeal from the grant of plaintiff's motion for summary judgment and the subsequent judgment against the defendant in the amount of $10,262.45 entered by the District Court of the Eleventh Judicial District, Flathead County, Montana. We affirm the judgment.

The sole issue upon appeal is whether the plaintiff, as holder of a promissory note secured by a junior trust indenture, is barred from recovery upon the note after the holder of the senior trust indenture foreclosed upon and sold the indentured property?

The parties in this case do not dispute the facts, which are summarized as follows. On September 14, 1984, the defendants, Dwayne and Kathy Wann, purchased a house and assumed the existing first trust deed executed in favor of Alliance Mortgage Company. The Wanns also signed a promissory note in favor of First Interstate Bank of Kalispell (Bank). This note was secured by a second trust deed on the house purchased by the Wanns.

The Wanns failed to make the semi-annual payments due on the Bank note, so the Bank renewed the note on October 22, 1985, with a monthly payment schedule. The Wanns also failed to make payments on this renewed note and on the note held by Alliance Mortgage. Alliance Mortgage consequently began foreclosure proceedings on the first trust deed. On February 20, 1987, Alliance Mortgage purchased the indentured house at the foreclosure sale with the high bid. The Bank did not bid at this auction.

The Bank thereafter filed suit against the Wanns for nonpayment of the amount owing on their promissory note --an unsecured note by reason of the sale of the indentured

2

property by the owner of the first trust deed. On December 10, 1987, the Bank filed a motion for summary judgment. The Wanns subsequently filed a similar motion.

On February 18, 1988, the court granted the Bank's motion for summary judgment. Judgment was entered on April 5, 1988 against the defendants in the amount of $10,262.45. This amount reflected $7,338.93 in principal owing on the note, $1,123.52 in interest accrued since June 10, 1986, and $1,800 in costs and attorneys' fees. The Wanns appeal from this judgment.

A court may grant a motion for summary judgment if no genuine issue of any material fact exists and if the moving party is entitled to a judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Vogele v. Estate of Schock (Mont. 1987), 745 P.2d 1138, 1141, 44 St.Rep. 1950, 1953. In the present case, both parties admit that no material issue of fact exists. We therefore need only determine whether the District Court was correct in holding that the plaintiff was entitled to a judgment as a matter of law. We will not overturn this holding unless the District Court abused its discretion.

Appellants contend that the District Court erred in entering a judgment against them for the amount still owing upon the promissory note because the Bank is prohibited from seeking a deficiency judgment for the remaining balance due upon the Bank's note once the holder of the first trust deed has foreclosed upon the indentured property. Appellants cite to the case of First State Bank of Forsyth v. Chunkapura (Mont. 1987), 734 P.2d 1203, 44 St.Rep. 451, as support for this contention.

We note at the outset that the holding in the Chunkapura case is inapposite to the case at hand. The Court in Chunkapura stated that the creditor instituting a judicial

3

foreclosure upon an occupied, single family residential home under a trust deed may not seek a deficiency judgment. Chunkapura, 734 P.2d at 1208, 1210. This holding applies only to the foreclosing creditor. It does not apply to a creditor, such as the Bank, holding a note which is no longer secured because of a foreclosure action taken by another creditor possessing a first trust deed.

The statutory prohibitions against deficiency judgments after foreclosure by advertisement and sale upon a note secured by a trust indenture similarly apply only to the foreclosing creditor. As stated in § 71-1-317, MCA:

> When a trust indenture executed in conformity with this part is foreclosed by advertisement and sale, no other or further action, suit, or proceedings shall be taken or judgment entered for any deficiency against the grantor or his surety, guarantor, or successor in interest, if any, on the note, bond, or other obligation secured by the trust indenture or against any other person obligated on such note, bond, or other obligation. (Emphasis added.)

Use of the definite article, "the," plainly indicates that only the creditor possessing the foreclosed note and trust indenture is prohibited from seeking a deficiency judgment or maintaining any other action for amounts still owing on the secured note. This statutory interpretation is in keeping with existing case law which has generally held that a second lienholder whose lien is extinguished by the foreclosure of a first lien may maintain a direct action on the note. See, e.g., Avco Financial Services v. Christiaens (1982), 201 Mont. 117, 652 P.2d 220; Bailey v. Hansen (1937), 105 Mont. 552, 74 P.2d 438; Brophy v. Downey (1902), 26 Mont. 252, 67 P. 312.

4

The foreclosure by Alliance Mortgage through no fault of the Bank, extinguished the Bank's security interest in the Wanns' house. The Bank, with an extinguished lien on the house, was thus entitled to sue directly on the note. The Bank did just that. We therefore hold that the District Court, as a matter of law, did not err in granting the plaintiff's motion for summary judgment under the facts of this case.

The judgment is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices