No. 89-199

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

DUANE BUETTNER,

       Plaintiff and Appellant,

  -vs-

STATE OF MONTANA, DEPARTMENT OF LABOR
& INDUSTRY, et al.,

       Defendants and Respondents.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Duane Buettner, pro se, Wolf Point, Montana

    For Respondent:

        Scott W. Wilson, Billings, Montana

Submitted on Briefs:  Oct. 13, 1989

Decided: December 28, 1989

Filed:

_____
      /Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Appellant Buettner, pro se, appeals a decision of the District Court of the First Judicial District, Lewis and Clark County, wherein the District Court granted respondents' motion to dismiss appellant's complaint against the State because appellant failed to comply with § 2-9-301, MCA.

Appellant raises essentially one issue for review: Is the application of § 2-9-301, MCA, to this case unconstitutional because the cause of action arose prior to the effective date of the statute?

In late 1984, the State terminated appellant's employment effective December 31, 1984. On November 11, 1987, appellant filed a tort action against the State. The State was served with the complaint in early October of 1988 and on October 31, 1988, the State filed its motion to dismiss. Relying on § 2-9-301, MCA, the District Court granted the State's motion to dismiss appellant's complaint.

Some time after briefs were filed on the motion to dismiss but prior to the District Court's decision, appellant removed his counsel and has continued pro se.

Section 2-9-301, MCA, provides in pertinent part:

> (1) All claims against the state arising under the provisions of parts 1 through 3 of this chapter must be presented in writing to the department of administration.

> (2) A complaint based on a claim subject to the provisions of subsection (1) may not be filed in district court unless the claimant has first presented the claim to the department of administration and the department has finally denied the claim. The department must grant or deny the claim in writing sent by certified mail within 120 days after the claim is

2

> presented to the department. The failure of the department to make final disposition of a claim within 120 days after it is presented to the department must be considered a final denial of the claim for purposes of this subsection. Upon the department's receipt of the claim, the statute of limitations on the claim is tolled for 120 days . . .

The 1987 Legislature added subsection (2) of § 2-9-301, MCA, which became effective October 1, 1987. Appellant filed his complaint on November 17, 1987 without first presenting his claim to the department as required by § 2-9-301, MCA.

Appellant, through counsel, argued to the District Court that § 2-9-301, MCA, could not constitutionally be applied to a cause of action which arose prior to October 1, 1987. Because his cause of action arose in 1984, appellant contended that he did not have to comply with § 2-9-301, MCA.

In holding that § 2-9-301, MCA, could constitutionally be applied to causes of action which arose prior to October 1, 1987, the District Court reasoned that the mandatory initial filing with the department imposed by the statute was procedural. The filing requirement did not in any way alter or restrict appellant's underlying cause of action. Thus, the District Court found that because the underlying cause of action was not impaired by the mandatory department evaluation, the statute could be applied to causes of action that arose prior to October 1, 1987. We agree.

The Legislature can impose procedural requirements on a plaintiff before a plaintiff can file a complaint in court as long as the procedures do not impair any of a plaintiff's substantive rights. Appellant cites no authority to the contrary. Also, appellant fails to demonstrate how his substantive rights are impaired.

The right plaintiff acquired in late 1984 was the right to bring a tort claim against the State. Section 2-9-301, MCA, is a procedural statute which limits direct access to the courts for at most 120 days while the Department of Administration evaluates the claim. Moreover, subsection (2) specifically provides that the statute of limitations for the claim is tolled for 120 days. Thus, a plaintiff is not penalized in terms of statute of limitation considerations by the mandatory review procedure. As appellant acknowledges the review procedure imposed by § 2-9-301, MCA, preserves a plaintiff's right to file a tort claim in court against the State.

Although appellant's argument is unclear, appellant appears to contend that even if § 2-9-301 can be applied the District Court had discretion to fashion some other remedy other than outright dismissal of the complaint. Outright dismissal of the complaint, appellant argues, was fundamentally unfair because the statute of limitations had run on the tort claim at the time of the dismissal order. However, once the District Court determined that the statute applied to appellant's claim, it had no choice but to dismiss the complaint for failure to comply with § 2-9-301, MCA. It may be unfortunate for appellant that the statute of limitations had run on his tort claim, but it is not fundamentally unfair. Montana's statutes of limitations apply equally to all plaintiffs who are subject to them.

However, while we must affirm the trial judge in granting summary judgment in this case, we call to the attention of the plaintiff who brought this case to us pro se, that under the provisions of § 27-2-407, MCA, he is allowed to bring a new action for the same cause after the expiration of the time so limited and within one year after such reversal or termination. Such action must be done in

4

accordance with the provisions of § 2-9-301, MCA, and before March 16, 1990. If the appellant gives notice to the State pursuant to § 27-2-407, MCA, the running of the statute is tolled.

In summary, § 2-9-301, MCA, mandates a procedure whereby all tort claims against the State must be filed with and reviewed by the Department of Administration. Appellant failed to comply with the law. The District Court properly dismissed the complaint.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

5