No. 92-017

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

_____

BORDEN McGREGOR AND MICKEY M. McGREGOR,
husband and wife,

Plaintiffs and Respondents,

-vs-

RODNEY A. MADSEN AND ELIZABETH ANN MADSEN,
a/k/a ELIZABETH A. MADSEN, formerly husband
and wife; REAS T. MADSEN AND BILLIE L. MADSEN,
husband and wife,

Defendants and Appellants.

_____

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Carbon,
The Honorable Robert W. Holmstrom, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Joseph W. Sabol, II, Bozeman, Montana

For Respondent:

Gary R. Thomas; Thomas Law Office, Red Lodge,
Montana

_____

Submitted on Briefs:  April 9, 1992

Decided:  June 2, 1992

Filed:  JUN -2 1992

FILED

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Rodney A. Madsen and Elizabeth A. Madsen, and Reas T. Madsen and Billie L. Madsen, appeal from a judgment of the Thirteenth Judicial District Court, Carbon County, in favor of Borden and Mickey M. McGregor. We affirm.

There is only one issue on appeal:

Whether the District Court erred in holding McGregors could sue Madsens on a promissory note initially secured by a junior mortgage after the holder of the senior mortgage foreclosed upon and sold the property?

In 1981, Borden and Mickey M. McGregor (McGregors) sold Rodney A. Madsen and Elizabeth A. Madsen, and Reas T. Madsen and Billie L. Madsen (Madsens) approximately 255 acres of irrigated farmland for $510,000, on a contract for deed. The Madsens made a down payment of $122,000, leaving $388,000 remaining. The annual installments were in the amount of $42,504.03. The McGregors owned the land only a short period of time before the sale and were also purchasing it on a contract for deed which included a balloon payment due in 1984. The contract for deed between the McGregors and the Madsens had a condition that in addition to the annual payments, Madsens would make the balloon payment in 1984. The amount of the balloon payment was $235,000.

The Madsens borrowed $200,000 for the balloon payment from Equitable Life Assurance Society (Equitable). The McGregors agreed to subordinate their interest to Equitable, accepting a second mortgage. The balance remaining pursuant to the contract for deed

2

($123,000) was converted into a promissory note and a mortgage in favor of the McGregors. By 1986, when crop and land prices fell, the Madsens defaulted on their payments to both Equitable and the McGregors. Equitable foreclosed on its mortgage and purchased the property at the foreclosure sale in August 1988 for $210,292.26.

Equitable held a deficiency judgment against the Madsens for $44,574.81. It agreed to reduce the judgment to $22,574.81 in exchange for Madsens' relinquishment of possession and their statutory right of redemption. The McGregors initiated a foreclosure proceeding, but after Equitable's action and foreclosure sale, sought to sue the Madsens on the promissory note. The District Court awarded the McGregors a money judgment against the Madsens on the promissory note. This appeal followed.

The issue is a question of law. In reviewing questions of law, we will decide if the lower court's determination as to law is correct. Our review will be plenary. Steer Inc. v. Department of Revenue (1990), 245 Mont. 470, 803 P.2d 601.

The Madsens argue that the mortgage held by the McGregors is a purchase money mortgage to secure payment of the balance of the purchase price. They argue that § 71-1-232, MCA, prevents the McGregors from suing on the note. Section 71-1-232, MCA, provides:

> Upon foreclosure of any mortgage, executed to any vendor of real property or to his heirs, executors, administrators, or assigns for the balance of the purchase price of such real property, the mortgagee shall not be entitled to a deficiency judgment on account of such mortgage or note or obligation secured by the same.

The parties replaced the contract for deed with a junior mortgage to allow the Madsens to obtain the financing from Equitable to pay

3

off the 1984 balloon payment. The Madsens correctly argue this junior mortgage was a mortgage on the land to secure the payment of the balance due on the original purchase.

Section 71-1-232, MCA, is clear in its language, "upon the foreclosure of any mortgage . . ." and in the case before us, the McGregors did not foreclose on the Madsens' mortgage. There was no security left. This makes the statute inapplicable to the case at hand. The Madsens argue that the McGregors initiated a foreclosure action prior to the action on the note and that they neglected to pursue their foreclosure rights. However, the foreclosure action and sale by Equitable, through no fault of McGregors, extinguished the McGregors' security interest in the land.

In 1st Interstate Bank of Kalispell v. Wann (1988), 235 Mont. 111, 765 P.2d 749, we upheld a summary judgment in favor of a junior lienholder, holding it was entitled to sue directly on the note after a senior lienholder extinguished the junior lienholder's security interest. 1st Interstate at 114, 765 P.2d at 750.

We conclude that inasmuch as foreclosure of the mortgage was not available to the McGregors, they do not come within the prohibition of the above statute and are entitled to a money judgment on the promissory note.

For the reasons set forth above, the judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

4

_John Conway Harrison_

_William E Hunt_

_Karla M. Gray_

_____
Justices

June 2, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Joseph W. Sabol, II
Attorney at Law
225 E. Mendenhall
Bozeman, MT  59715

Gary R. Thomas
Thomas Law Office
P.O. Box 570
Red Lodge, MT   59068

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy