NO. 94-469

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

MARILYN HOLLISTER,

     Plaintiff and Appellant,

   -vs-

JOHN FORSYTHE, individually and as a
public officer and ROSEBUD COUNTY,
a Montana Political Subdivision,

     Defendants and Respondents.



FILED

FEB 16 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Sixteenth Judicial District,
              In and for the County of Rosebud,
              The Honorable Richard G. Phillips, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

        K.D. Peterson; Peterson & Schofield,
        Billings, Montana

     For Respondent:

        Steven J. Lehman; Crowley, Haughey, Hanson,
        Toole & Dietrich, Billings, Montana

        K. Kent Koolen and Ramona Heupel Stevens;
        Moulton, Bellingham, Longo & Mather, Billings
        Montana

Submitted on Briefs:  January 19, 1995

Decided:  February 16, 1995

Filed:

Clerk

Justice W. William Leaphart delivered the Opinion of the Court

This is an appeal from the July 26, 1994, order of the Montana Sixteenth Judicial District Court dismissing plaintiff Hollister's claims on the basis that her claims were barred by the applicable statute of limitations.  We reverse and remand.

Issue

Under Montana's "renewal" statute, § 27-2-407, MCA, is the statute of limitations tolled for one year from the date a claim is terminated at the trial court level or is it tolled for one year from the date the claim is terminated at the appeal court level?

Background

Marilyn Hollister worked as a secretary in the Rosebud County Attorney's Office until January 7, 1991 when her employment was terminated by the County Attorney, John Forsythe.  On July 1, 1991, Hollister filed a complaint in federal court against Forsythe and Rosebud County alleging a deprivation of her due process rights in violation of 42 U.S.C. § 1983 and setting forth various state law claims including wrongful discharge from employment. Hollister did not file a complaint in state court.

On July 30, 1992, the United States District Court for the District of Montana granted the defendants' motion for partial summary judgment, dismissing Hollister's federal claims with prejudice and her pendant state claims without prejudice stating "the parties may simply resubmit the remaining issues to the appropriate state court."  Hollister did not, at that time, file her claims in state court.  Rather, she appealed the dismissal of

2

her federal suit to the Ninth Circuit Court of Appeals which affirmed the judgment of the United States District Court on April 26, 1994, in Hollister v. Forsythe and Rosebud County (9th Cir. 1994), 22 F.3d 950.

On May 16, 1994, Hollister filed her complaint in state court, Rosebud County. Forsythe and Rosebud County moved to dismiss the complaint for the reason, inter alia, that Hollister's claims were barred by the applicable statute of limitations. The District Court, noting that the plaintiff was terminated in January, 1991, and did not file a complaint in state court until May 16, 1994, determined that her claims were barred by the one-year statute of limitations under the Wrongful Discharge Act (§ 39-2-911, MCA), and by the three-year statute of limitations for her tort claims (§ 27-2-204, MCA) unless the applicable statutes of limitations were tolled by the provisions of § 27-2-407, MCA, known as the "renewal" or "savings" statute. Concluding that the renewal statute tolls the statute of limitations for a one-year period from termination at the trial court level rather than the appellate court level, the District Court found that Hollister's claims were time barred and granted the motions to dismiss her claims.

We find that the District Court's interpretation of Montana's renewal statute was in error and reverse for the reasons set forth below.

Standard of Review

The issue of whether the lower court properly applied the statute of limitations and granted a Rule 12(b)(6) motion to

3

dismiss presents a question of law. This Court reviews issues of law to determine whether the lower court's application or interpretation of the law is correct. McGregor v. Madsen (1992), 253 Mont. 210, 212, 832 P.2d 779, 780.

Discussion

Montana's renewal statute reads as follows:

27-2-407[, MCA]. When action terminated or judgment reversed. If an action is commenced within the time limited therefor and a judgment therein is reversed on appeal without awarding a new trial or the action is terminated in any other manner than by voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff or, if he dies and the cause of action survives, his representative may commence a new action for the same cause after the expiration of the time so limited and within 1 year after such a reversal or termination.

Resolution of this appeal hinges upon an interpretation of the word "termination" as it is used in the above statute. The question being: Does the word "termination" refer exclusively to a dismissal at the trial court level or does the term encompass termination after proceedings before an appellate court?

In concluding that termination refers to an initial dismissal at the trial court level, the District Court relied upon dicta in this Court's decision in Buettner v. Dep't of Labor and Industry (1989), 240 Mont. 389, 784 P.2d 906. The District Court's reliance on Buettner, however, is misplaced. Buettner was a former state employee who, proceeding pro se, brought a tort action against the State of Montana. The district court dismissed Buettner's complaint due to his failure to submit his claim to the Department of Administration as required by statute. Buettner appealed and

4

this court held that the statute applied retroactively to Buettner's cause of action even though it had arisen prior to the statute's effective date.

After affirming the summary judgment against Buettner, this Court, in dicta, stated:

> However, while we must affirm the trial judge in granting summary judgment in this case, we call to the attention of the plaintiff who brought this case to us pro se, that under the provisions of § 27-2-407, MCA, he is allowed to bring a new action for the same cause after the expiration of the time so limited and within one year after such reversal or termination. Such action must be done in accordance with the provisions of § 2-9-301, MCA, and before March 16, 1990. If the appellant gives notice to the State pursuant to § 27-2-407, MCA, the running of the statute is tolled.

Buettner, 784 P.2d at 908.

In the case at hand, the District Court correctly observed that, in Buettner, this Court advised Buettner that under the provisions of § 27-2-407, MCA, he had until March 16, 1990, within which to file a claim. The District Court reasoned that had the Supreme Court intended to interpret the language of the renewal statute as applying to final termination of the case after appeal, the Supreme Court would have referenced a date one year after the Supreme Court's opinion which would have resulted in a date of December 27, 1990. In picking the date of March 16, 1990, the Supreme Court obviously was figuring a one-year time period from the date of termination at the trial court level which was March, 1989. While the dicta in Buettner certainly lends itself to the District Court's interpretation, the District Court read more into that language than the decision warrants. The provisions of

5

Montana's renewal statute were not in issue in the Buettner case. Buettner appeared pro se. The parties neither briefed nor argued the provisions of that statute.

The question of whether "termination", as that word is used in Montana's renewal statute, encompasses proceedings on appeal was answered by this Court some 89 years ago in Glass et al. v. Basin & Bay State Mining Co. (1906), 34 Mont. 88, 85 P. 746. Glass sued the Basin & Bay State Mining Co. on a debt. The original complaint was filed in February 1900. On August 21, 1901, the district court dismissed the action entering a judgment on the pleadings. Glass appealed that dismissalto the Montana Supreme Court which affirmed the dismissal on June 27, 1904. Glass et al. v. Basin & Bay State Mining Co. (1904), 31 Mont. 21, 77 P. 302. Glass then filed a new complaint in December of 1904. Basin & Bay then sought dismissal of the second complaint contending that the first dismissal was a dismissal on the merits and that the second complaint was barred by the statute of limitations. This Court found that the dismissal of the first complaint was not on the merits. We then held that the renewal statute tolled the statute of limitations for one year from the date of the affirmance on appeal

> There is no question that the first action was begun within the time limited therefor. The judgment of dismissal was affirmed by this court. The action was, therefore, not voluntarily discontinued, nor was it dismissed for want of prosecution, nor, so far as the record before us shows, was the judgment rendered upon the merits. It was terminated by the judgment of affirmance in a manner other than those which do not toll the statute. It was commenced within one year from the termination of the former action. It therefore falls within the provisions of the statute, and none of the limitations pleaded apply so far as the pleadings show.

6

[Emphasis added. ]

Glass, 85 P. at 747-48.

Although the December 1904 second complaint was filed over one year after the August 1901 dismissal of the first complaint in district court, it was within one year of the June 1904 decision of the Supreme Court affirming that dismissal. It was the decision of this Court which constituted the "termination" under the renewal statute.

It should be noted that the rationale of this decision as well as Glass applies only to cases in which an appeal is filed and heard by the appellate court. It has no application to a situation where a notice of appeal is filed and then subsequently dismissed. To hold otherwise would permit a plaintiff to extend his/her own **time** to commence a new action in every case by merely filing a notice of appeal. See Dinerman v. Sutton (1965), 45 Misc.2d 791, 258 N.Y.S.2d 13, 15, in which the New York Court interpreted a renewal statute with language identical to Montana's in its use of the phrase "termination." (N.Y. Civ. Prac. L. & R., § 205.)

We hold that, under Montana's renewal statute, § 27-2-407, MCA, use of the word "termination" refers to the ultimate termination which occurs after final appellate action. Accordingly, the one-year period begins to run from the date that the time for appeal expires or, in the event of an appeal, from the date of the remittitur or judgment of the appellate court. See Rule 36, F.R.App.P., and Rule 35, M.R.App.P.

In the case at hand, Hollister's original federal court

7

complaint was filed within the time limited therefor.  Her claims were dismissed by the Federal District Court and that dismissal was affirmed by the Ninth Circuit Court of Appeals on April 26, 1994.  Thus, her claims were not voluntarily dismissed nor were they dismissed for want of prosecution nor was there a judgment on the merits of her state court claims.  Hollister's state court complaint was then filed on May 16, 1994--well within the one-year grace period of § 27-2-407, MCA.  This matter is reversed and remanded for proceedings consistent with this opinion.

_W. William Leaphart_
Justice

We concur://

_J. A. Turnage_
Chief Justice

_William E. Hunt Sr._

_Terry N. Trieweiler_

_Karla M. Gray_
Justices