## 59244. McCOY ENTERPRISES v. VAUGHN.

SMITH, Judge.

Appellant, defendant below, brings this interlocutory appeal from a denial of its motion to dismiss the complaint, contending that plaintiff-appellee's personal injury suit is barred by the statute of limitation. We reverse.

Appellee first brought suit on June 11, 1976 for injuries incurred on June 14, 1974. This initial suit named Mr. James R. McCoy and Mrs. Irene W. McCoy, d/b/a Irene McCoy's Beauty Shop, as parties defendant. Subsequent discovery revealed that the correct owner of the beauty shop in question was McCoy Enterprises, a Georgia corporation, but that Mr. and Mrs. McCoy were the sole officers, directors and agents of said corporation. Mr. McCoy was also the corporation's agent for service of process. Trial

of the case ensued on October 5, 1978. However, due to the unavailability of a key witness, appellee voluntarily dismissed his case without prejudice on that date. On November 22, 1978 appellee "refiled" his complaint under Code § 3-808 naming McCoy Enterprises as the sole defendant.

Appellant contends that since no action was brought against it prior to the tolling of the two-year statute of limitation (Code § 3-1004), appellee's complaint must be dismissed. Appellee asserts that the corporation had notice of the complaint via Mr. McCoy. Further, appellee contends the corporation should have known that the suit would have been brought against it originally except for a mistake concerning the identity of the proper party. Under the circumstances, however, the complaint should have been dismissed.

Appellee knew that he had named the wrong parties defendant well before he dismissed his initial suit, yet he never amended that suit to name the corporation as a party defendant. See CPA § 15 (Code Ann. § 81A-115); *Rich's, Inc. v. Snyder,* 134 Ga. App. 889 (1) (216 SE2d 648) (1975). "If the cause of action is the same in both cases; if by the same party or his legal representative, *and against a person from whom relief was prayed in the first suit,* the second action may be renewed." (Emphasis supplied.) *Cox v. Strickland,* 120 Ga. 104, 110 (47 SE 912) (1904). Since appellant corporation was never a party to the original suit, appellee cannot maintain a "renewal" action against it in light of the intervening statute of limitation. *Cornwell v. Williams Bros. Lumber Co.,* 139 Ga. App. 773 (2) (229 SE2d 551) (1976).

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED JANUARY 16, 1980 — DECIDED APRIL 29, 1980.

*Glenn Frick, Gary Hill,* for appellant.
*Cullen M. Ward, James C. Carr, Jr.,* for appellee.