No. 81-30

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

GUY M. WILLSON,

Plaintiff and Respondent,

vs.

CHARLES R. TAYLOR, PHYLLIS A. TAYLOR,
MICHAEL J. TAYLOR, CHRISTINE J. TAYLOR,
MARK R. TAYLOR and TARA A. TAYLOR,

Defendants and Appellants.

Appeal from: District Court of the Tenth Judicial District,
In and for the County of Fergus.
Honorable Jack D. Shanstrom, Judge presiding.

Counsel of Record:

For Appellants:

Moses Law Firm, Billings, Montana

For Respondent:

Robert L. Johnson and Torger S. Oaas, Lewistown, Montana

Submitted on briefs: May 15, 1981

Decided: September 28, 1981

Filed: **SEP 2 8 1981**

Thomas J. Kearney

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Appellants/defendants Charles R. Taylor and Phyllis A. Taylor, husband and wife, and Michael, Christine, Mark and Tara Taylor, minor children, bring this appeal from two orders entered in the District Court of the Tenth Judicial District, Fergus County. The first order, dated April 11, 1980, denied the defendants' motions to dismiss each of the two counts of the complaint, the motions having been made separately by defendants Charles and Phyllis Taylor and by the minor defendants. The second order, dated December 10, 1980, granted partial summary judgment to the respondent/plaintiff Guy M. Willson against the adult defendants. Willson was granted summary judgment on only the first count of his complaint. The case was properly certified under Rule 54 and therefore, may be brought before this Court for review.

The defendants present the following issues:

1. Did the District Court err in denying the defendants' various motions to dismiss the complaint?

2. Did the District Court err in granting summary judgment on Count I of the complaint to the plaintiff?

We hold that summary judgment was properly granted and affirm the lower court.

The parties entered into a lease agreement with an option-to-purchase covering real property located in Fergus County. Plaintiff Willson wants to exercise the option and purchase the land.

The parties executed the lease on July 2, 1976, with a term ending January 30, 1982. The lease provides:

"OPTION:

"Lessee is hereby given an option to purchase the subject property upon the terms contained in this paragraph. The option shall be exercisable during the month of December of any year during the life

of this lease. The option price shall be Three
Hundred Seventy Five Dollars ($375.00) per acre if
exercised during the years 1976, 1977, 1978 or 1979.
Thereafter the option price shall be Four Hundred
Dollars ($400.00) per acre. Lessee shall notify
Lessor of the exercise of the option in writing, on
or before the 10th day of December, addressed to
the Lessor at Moore, Montana. The terms of the sale
shall be twenty-nine percent (29%) of the option
price to be paid in the month of the exercise of
the option, with the balance of the purchase price
to be paid in the next succeeding month. Lessor
agrees to pay the Federal Land Bank Association of
Lewistown sufficient funds from the purchase price
to obtain a release of any mortgage on the subject
property. In addition, Lessor agrees to provide
title insurance or abstracts showing marketable
title, on or before the date that the balance of
the purchase price is paid. . . .

"OIL AND MINERAL RIGHTS:

"Lessor shall retain all existing oil and mineral
rights during the term of this lease, together with
a right of ingress and egress to develop such rights.
In the event that Lessee shall exercise his option,
then Lessee shall receive one-half of any oil and
mineral rights then existing, together with the right
and power to lease such oil and mineral rights."

The lease contains provisions regarding land description, term, payment of crop share, operations, minerals, fences, sub-lease, breach and re-entry and right of first refusal on the part of the lessor.

The plaintiff filed his complaint on December 20, 1979, requesting specific performance of the sale.

The defendants' first issue concerns the motions to dismiss made by them and their children. Four separate motions were made: one for each count of the complaint by the parents and one for each count by the minor children. All of the motions were denied by order dated April 11, 1980.

I.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson (1957), 355

U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84; Fraunhofer v. Price (1979), ___Mont.___, 594 P.2d 324, 327, 36 St.Rep. 883, 886. A motion to dismiss under Rule 12(b)(6), M.R.Civ.P., has the effect of admitting all well-pleaded allegations in the complaint. In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true. Commonwealth Edison Co. v. State (1980), ___Mont.___, 615 P.2d 847, 849, 37 St.Rep. 1192, 1193, aff'd (July 2, 1981), ___U.S.___, 101 S.Ct. 2946, 69 L.Ed.2d 884, 49 U.S.L.W. 4957; Fraunhofer v. Price, supra; Duffy v. Butte Teachers' Union, Number 332, AFL-CIO (1975), 168 Mont. 246, 252-253, 541 P.2d 1199, 1202-1203. We now proceed to examine the allegations contained in each count of the complaint.

The first count alleges that the defendants owned certain described real property in Fergus County; that the plaintiff and defendants entered into a written lease of the property, extending to January 30, 1982, under which the plaintiff is granted an option to purchase the lands in question (a copy of the lease is attached to the complaint and the terms thereof incorporated by reference); and that the plaintiff has been and is presently in possession of the leased lands and the lease document was placed of record. The first count then goes on to state the allegations attacked by the Taylors:

"IV.

"In the month of December, 1979, and before the 10th day thereof, plaintiff notified these defendants in writing addressed to them in Moore, Montana of plaintiff's exercise of the option set forth in the lease. Plaintiff is ready, willing, and able to perform his obligations under the option and plaintiff has tendered the required down payment. Plaintiff is informed and believes, however, that these defendants have purported to alienate to their children a portion of the lands subject to the option, that they have placed additional encumbrances upon the land, and that they

have otherwise endeavored to frustrate plaintiff's purchase of the land under the option. Plaintiff is further informed and believes that these defendants intend to refuse to perform their obligations under the option. Plaintiff herewith offers to perform his obligations fully."

The substance of paragraph IV is that the plaintiff has notified the defendants of the exercise of the option, the plaintiff is ready to perform, the plaintiff has tendered the downpayment, the defendants have alienated a portion of the land to their children, the defendants have placed additional encumbrances upon the land, the defendants have otherwise endeavored to frustrate plaintiff's purchase, defendants intend to refuse to perform, and plaintiff offers to perform. All pleadings must be so construed as to do substantial justice. Rule 8(f), M.R.Civ.P. The defendants object primarily to the "informed and believed" preface to certain allegations. We are required to construe the complaint in the light most favorable to the plaintiff, Fraunhofer v. Price, supra. We hold the allegations are sufficient to state a claim. This Court does not favor dismissals on pleading, and recognizes that the defendant can obtain additional information required. As stated in Tobacco River Lbr. Co. v. Yoppe (1978), 176 Mont. 267, 271, 577 P.2d 855, 857:

"We note also that should defendants desire any further degree of specificity, they may obtain the same by use of the appropriate discovery devices such as depositions, interrogatories and requests to admit. This Court does not favor the short circuiting of litigation at the initial pleading stage unless a complaint does not state a cause of action under any set of facts . . ."

The same analysis requires us to affirm the lower court's order as to the second count, also. In that count, the plaintiff incorporates all of the allegations contained in his first count, and then further alleges: that in November

of 1979 the plaintiff notified defendant Charles R. Taylor that the plaintiff intended to and would exercise the option in December; that notwithstanding such notice and the terms of the option, the adult defendants purported to convey to their children all of the minerals under the subject lands (a copy of the mineral interest conveyance is attached to the complaint and incorporated by reference); that the conveyance was without consideration and in clear violation of the terms of the option; and, that if the conveyance is not avoided, the value of the subject lands will be diminished in the amount of $51,000 or more. These allegations are sufficient to state a claim for relief.

The defendants argue that the children should have been dismissed from count one in any event. We do not agree. They are not parties to the lease, so could not be affected by any decree granting specific performance. In addition, the first count is specifically directed against the parents, as was recognized by the District Court when it granted summary judgment on count one against the adult defendants only. The District Court did not err in refusing to dismiss as to the children; they are not parties to the first count, and they are proper parties to the second count as the grantees named in the mineral conveyance.

II.

The defendants assert that the lower court erred in granting summary judgment to the plaintiff and against the adult defendants on count one.

> "When multiple claims for relief and multiple
> parties are involved in an action, the court may
> direct the entry of a final judgment as to one or
> more, but fewer than all of the claims or parties
> only upon an express declaration that there is no
> just reason for delay and upon an express direction
> for the entry of judgment." Rule 54(b), M.R.Civ.P.

The court by judgment dated December 10, 1980, pointed out that the court had certified that there was no just reason for delay in the entry of final judgment on that order. It was, therefore, ordered, adjudged and decreed that the plaintiffs have judgment against the defendants that the option be specifically performed. It was also ordered that said defendants be required to sell and convey the land subject thereto to plaintiff and to execute a good and sufficient conveyance to him on payment by plaintiff of the amount of the purchase price all in accordance with the terms and conditions set forth in said option.

This meets the requirements of Rule 54(b) and the appeal is properly before this Court.

The following rules governed the District Court's consideration of this motion:

> "A party seeking to recover upon a claim . . . may . . . move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof." Rule 56(a), M.R.Civ.P.

> "The [summary] judgment sought shall be granted forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the [supporting] affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . ." Rule 56(c), M.R.Civ.P.

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 56(e), M.R.Civ.P.

The District Court had before it as a record on count one the complaint and answer, twenty requests for admission submitted to the defendants by the plaintiff and the defendants' answers thereto, and an affidavit in support of the motion executed by the plaintiff. The defendants failed to conduct any discovery of their own, and failed to file any affidavits

-7-

in opposition to the motion for summary judgment.

Summary judgment is appropriate when the moving party shows a complete absence of any genuine issue as to all facts which are material in light of those substantive principles which entitle him to a judgment as a matter of law; and when the defendants failed to come forward with evidence of a genuine issue of material fact.

The pleadings, requests for admissions, and affidavits established the following facts: The lease was executed (defendants' answer to request no. 1, dated January 18, 1980); defendant Charles R. Taylor was served with a notice of the plaintiff's exercise of his option, such service accomplished at his residence within the first ten days of December 1979 (answers to request no. 2 dated January 18, 1980); the plaintiff also notified the defendants of his exercise of the option within the first ten days of December 1979, by writing addressed to them at their address in Moore, Montana (affidavit of Guy M. Willson dated June 30, 1980); the adult defendants were residing together in Moore during that time (answer to request no. 6); the plaintiff tendered the required downpayment within the time specified in the option (affidavit of June 30, 1980); the defendants executed a new mortgage on the subject lands on December 10, 1979, in favor of the United States of America, through the FHA, to secure the repayment of a loan in the amount of $190,000, which mortgage was unreleased as of January 30, 1980 (answers to requests no. 14 and no. 15, dated January 30, 1980); the defendants executed an additional mortgage on the lands in favor of Northwestern Bank of Lewistown to secure repayment of a loan in the amount of $126,800 which was unreleased as of January 30, 1980 (answers to requests no. 16 and no. 17, dated January 30, 1980); the defendants conveyed mineral

interests in the land to their children as a gift and without consideration by quitclaim deed dated November 30, 1979 (answers to request no. 5 of January 18, 1980); the plaintiff paid the balance of the purchase price in the amount of $90,652.80 into court by order dated April 11, 1980; and, none of the defendants ever advised the plaintiff that his tender of the downpayment was defective (answer to request no. 19, dated January 30, 1980).

The defendants assert that the issues whether the plaintiff properly notified them of his exercise of the option and whether the tender was sufficient to raise material issues of fact. Their answers to the requests for admissions state that the postmarks on the letters are all illegible, so that they are not sure of the dates on which they received notice; also, that notice was served only on Charles R. Taylor and was not served on Phyllis A. Taylor. However, the plaintiff's affidavit of June 30, 1980, states that he did make timely notification and did tender the downpayment properly. "'[T]he opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy, nor merely suspicious.'" Harland v. Anderson, supra. The defendants failed to come forward with their own affidavits in dispute of plaintiff's averments. For that reason, summary judgment on count one was properly granted.

We affirm the judgment of the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____
Justice

-9-

_____
John C. Shelbry

_____
                  Justices

-10-