**Donald SADLER, d/b/a D & H Inc., a/k/a D & H Vacuum, Plaintiff,**

**v.**

**REXAIR, INC. a Subsidiary of Kidde, Inc. and Kidde, Inc. Defendants.**

**No. CV–84–117–BLG.**

United States District Court, D. Montana, Billings Division.

March 25, 1985.

---

Jerome J. Cate, Cate Law Firm, Billings, Mont., for plaintiff.

Stephen H. Foster and Brian C. Donovan, Holland & Hart, Billings, Mont., and Roy L. Shults, Mitchell Silberberg & Knupp, Los Angeles, Cal., for defendants.

## MEMORANDUM OPINION

BATTIN, Chief Judge.

This case is before the Court on defendants' motion to dismiss Counts Two, Three, and Four of plaintiff's amended complaint. For the reasons stated below, the defendants' motion is granted.

### Facts and Procedure

On March 5, 1981, the plaintiff and defendant Rexair entered into a contract in which defendant agreed to supply Rainbow Vacuum Cleaners to plaintiff for resale. On January 20, 1984, the defendant Rexair cancelled the contract.

Plaintiff brought this action in four counts. On November 27, 1984, this Court dismissed Count One (seeking specific performance) and Count Three (seeking punitive damages). The plaintiff filed a more definite statement of Count Four, and the defendants moved to dismiss Count Four. The plaintiff then filed an amended complaint. The defendants have now moved to dismiss Counts Two, Three and Four of the amended complaint.

Count One of the amended complaint alleges a breach of contract. Count Two alleges that the cancellation of the contract was done in an attempt to restrain trade in violation of 15 U.S.C. § 1. Count Three alleges an attempt to monopolize in violation of 15 U.S.C. § 2. Count Four alleges an unlawful restraint of trade in violation of Mont.Code Ann. § 30–14–205(1), (2)(c), (d), (g) (1983).

### Discussion

### Federal Claims

### Count Two

■ Although "summary procedures should be used sparingly in complex anti-

trust litigation," *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962), "sparingly" is not synonymous with "not at all," and the party claiming an antitrust violation must still allege, in order to survive a motion to dismiss, sufficient facts to state each element of an antitrust offense. *See Gilbuilt Homes, Inc. v. Continental Homes of New England*, 667 F.2d 209 (1st Cir.1981); *Americana Industries, Inc. v. Wometco de Puerto Rico*, 556 F.2d 625 (1st Cir.1977); *Knickerbocker Toy Co., Inc. v. Winterbrook Corp.*, 554 F.Supp. 1309 (D.N.H.1982). Conclusory allegations of a violation of the Sherman Antitrust Act will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief. *Lombards, Inc. v. Prince Mfg.*, 753 F.2d 974, 975 (11th Cir.1985); *Quality Foods v. Latin American Agribusiness Corp.*, 711 F.2d 989, 995 (11th Cir. 1983).

The Federal Rules of Civil Procedure require a plaintiff to disclose adequate information as to the basis of his claim for relief as distinguished from a bare averment that he wants relief and is entitled to it. It is true that in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the Supreme Court referred to "simplified notice pleading" but in context it is plain that the Court's statement was one of aim rather than definition. Only two sentences before the phrase, the Court had emphasized that the rules require the complaint to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Thus, the Court recognized that the rules do contemplate the statement of circumstances, occurrences, and events in support of the claim presented, even though they permit the circumstances to be stated with great generality. *See* Wright, Law of Federal Courts § 68 (4th Ed.1983), p. 443.

■ In the instant case, the plaintiff has failed to allege sufficient facts to state an antitrust offense. The Sherman Antitrust Act addresses and proscribes unrea-

sonable anticompetitive behaviour. The Act does not prevent a private manufacturer from deciding independently with whom it will deal. *United States v. Colgate & Co.*, 250 U.S. 300, 307, 39 S.Ct. 465, 468, 63 L.Ed. 992 (1919); *Gilbuilt Homes, Inc. v. Continental Homes of New England*, 667 F.2d 209 (1st Cir.1981).

The Sherman Antitrust Act, § 1, 15 U.S.C. § 1, prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States...." The present claim states only a conclusory allegation that there was a conspiracy in violation of 15 U.S.C. § 1. Count Two of the complaint states that there was a "conspiracy between the defendants and other debtors." The plaintiff cannot base its claim upon a conspiracy between the two defendants, Rexair, Inc., and Kidde, Inc., because Rexair is a subsidiary of Kidde. The Supreme Court has made it unequivocally clear that 15 U.S.C. § 1 relates only to concerted acts between two or more separate and independent entities. *Copperweld Corp. v. Independence Tube Corp.*, — U.S. ——, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984). Nor can the plaintiff salvage its complaint by adding unidentified participants, *i.e.*, "other debtors." Such pleading is inadequate to give the defendants fair notice of plaintiff's claim. *Lombards, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir.1985). A conclusory allegation of a conspiracy to restrain trade will not survive a motion to dismiss. *City of Gainesville v. Florida Power & Light Co.*, 488 F.Supp. 1258, 1263 (S.D.Fla.1980).

It is settled law that a manufacturer has the right to select its customers and may refuse to sell its goods to anyone for reasons sufficient to itself. *United States v. Colgate & Co.*, 250 U.S. 300, 39 S.Ct. 465, 63 L.Ed. 992 (1919); *Burdette Sound, Inc. v. Altec Corp.*, 515 F.2d 1245 (5th Cir.1975). It is not an antitrust violation for a manufacturer to change distributors even if the affect is to seriously damage the former distributor's business. *Bushie v. Stenocord Corp.*, 460 F.2d 116 (9th Cir.1972); *Burdette Sound*, 515 F.2d at 1249.

Plaintiff also fails to state a claim for relief under 15 U.S.C. § 2. Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2, provides sanctions for "[e]very person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of [interstate] trade or commerce...." There are two ways in which 15 U.S.C. § 2 may be violated: (1) achievement of a monopoly or an attempt to do so, and (2) conspiracy to monopolize. Any allegation plaintiff may have as to a conspiracy to monopolize must fail for the same reasons as set forth in the discussion of 15 U.S.C. § 1 above. Therefore, for that portion of plaintiff's complaint alleging a violation of 15 U.S.C. § 2 to survive a motion to dismiss it must allege that the defendants achieved a monopoly or attempted to do so. Plaintiff alleges, in substance, that the exclusive control which defendants Rexair and Kidde have over the sale of Rainbow vacuum cleaners, as a result of the termination of his dealership, constitutes a monopoly or an attempt to monopolize proscribed by 15 U.S.C. § 2. However, the law is to the contrary.

A manufacturer has a natural monopoly over its own products, especially when the products are sold under a trademark. *Industrial Building Materials, Inc. v. Interchemical Corp.*, 437 F.2d 1336, 1344 (9th Cir.1970). *See also United States v. E.I. DuPont*, 351 U.S. 377, 76 S.Ct. 994, 100 L.Ed. 1264 (1956). Plaintiff's complaint does not allege an attempt to monopolize the vacuum cleaner market, but rather the market for "Rainbow" brand vacuum cleaners. A "brand" monopoly over the manufacturer's own product (as opposed to a total market monopoly) is not a violation of 15 U.S.C. § 2. *Bushie v. Stenocord Corp.*, 460 F.2d 116, 120 (9th Cir.1972).

Plaintiff cannot convert the losses it may have sustained as a result of alleged breaches of contract into an antitrust

claim, without demonstrating the type of injury against which the antitrust laws were intended to protect. *Gianna Enterprises v. Miss World LTD,* 551 F.Supp. 1348, 1355 (S.D.N.Y.1982). Plaintiff's federal antitrust claims will be dismissed for the reasons stated.

### State Law Claims

 Plaintiff also contends that the cancellation of the contract by defendant Rexair was an attempt to restrain trade in violation of Mont.Code Ann. § 30–14–205(1), (2)(c), (d), (g) (1983). Section 30–14–205 provides as follows:

It is unlawful for a person or a group of persons, directly or indirectly:

(1) to enter an agreement for the purpose of fixing the price or regulating the production of an article of commerce;

(2) for the purpose of creating or carrying out any restriction in trade, to:

(a) ...

(b) ...

(c) prevent competition in the distribution or sale of merchandise or commodities;

(d) fix a standard or figure whereby the price of an article of commerce intended for sale, use, or consumption will be in any way controlled;

(e) ...

(f) ...

(g) create a monopoly in the manufacture, sale, or transportation of an article of commerce.

There are only two cases interpreting Mont.Code Ann. § 30–14–205 (1983), and neither is relevant to the instant case. Mont.Code Ann. § 30–14–201 (1983) states as follows:

*Purpose.* The legislature declares that the purpose of this part [Mont.Code Ann. §§ 30–14–201 to 30–14–224] is to safeguard the public against the creation or perpetuation of monopolies and foster and encourage competition by prohibiting unfair and discriminatory practices by which fair and honest competition is destroyed or prevented. This part shall be literally construed so that its beneficial purposes may be subserved.

The purpose of §§ 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2, is to protect the public against the evils of monopolies, *Kansas City Star v. United States,* 240 F.2d 643 (8th Cir.1957), and to promote free competition, *Northwestern Oil Co. v. Socony-Vacuum Oil Co.,* 138 F.2d 967 (7th Cir.1943), which means prohibiting unreasonable or undue restraints which hinder or retard competition. *Hiland Dairy, Inc. v. Kroger Company,* 402 F.2d 968 (8th Cir. 1968). With such similar purposes behind the federal and Montana statutes and with the absence of Montana case law interpreting the Montana statutes, the Court will follow the federal precedent in determining what is necessary to state a claim under Mont.Code Ann. § 30–14–205 (1983). Therefore, for the same reasons as stated above in the discussion concerning the federal claims, the allegations in Count Four of the amended complaint are insufficient to state a claim.

The Court will issue an order in conformity with this Memorandum Opinion.