NO. 93-097

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

RICHARD W. SMITH, d/b/a HIGH PLAINS
GAMING-SMITH BROTHERS AMUSEMENTS;
DENNIS H. DANIELS, d/b/a FLEETWOOD
AMUSEMENT OF **MISSOULA;** DAVID G. **KELMAN,**
d/b/a AMERICAN MUSIC COMPANY: EVELYN
KELMAN, d/b/a ARCHER'S CASINO; THOMAS
HEISLER, d/b/a BINGO BONANZA: CHARLES
P. WIECK, d/b/a BEDROCK GAMING; JON
L. DEHLER, d/b/a FLEETWOOD AMUSEMENTS:
and GLEN ALEXANDER, d/b/a ACE AMUSEMENT,

     Plaintiffs and Appellants,

    -vs.-

VIDEO LOTTERY CONSULTANTS, INC., a
Montana corporation,

     Defendant and Respondent.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
                In and for the County of Gallatin,
                The Honorable Larry A. Moran, Judge presiding.

COUNSEL OF RECORD:

     For Appellants:

        George T. Radovich, Billings, Montana

     For Respondent:

        Tom Stonecipher and Peter M. Kirwan, Kirwan &
        Barrett, P.C., Bozeman, Montana

FILED

Filed: AUG 17 1993

CLERK

Submitted on Briefs: July 15, 1993
          Decided: August 17, 1993

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal from an Order of the Eighteenth Judicial District Court granting Defendant's (Video Lottery's) motion to dismiss the Plaintiffs' amended complaint for failure to state a claim upon which relief may be granted. We affirm in part and reverse in part.

We restate **the** issues on appeal as follows:

1. Did the District Court err in dismissing the Plaintiffs' restraint of trade claim against Video Lottery?

2. Did the District Court err in dismissing the Plaintiffs' monopoly and rebates claims against Video Lottery?

In their amended complaint, the Plaintiffs allege the following facts. The Plaintiffs are engaged in the retail gambling business. Video Lottery is engaged in selling wholesale gambling machines and in operating retail gambling machines. Video Lottery is a competitor of the Plaintiffs and has refused to provide its machines to the Plaintiffs on a wholesale level. Plaintiffs filed an amended complaint against Video Lottery, alleging that its failure to sell the machines to the Plaintiffs violated three sections of the Montana Unfair Trade Practices Act, §§ 30-14-201, et seq., MCA. The Plaintiffs also requested an injunction of the alleged violative conduct.

Video Lottery moved to dismiss the amended complaint pursuant to Rule **12(b)(6),** M.R.Civ.P., for failure to state a claim upon which relief could be granted. The district judge granted this motion, and the Plaintiffs appealed.

In reviewing a Rule 12 motion to dismiss, we will construe the complaint in the light most favorable to the plaintiffs and take the allegations of the complaint as true. **Willson** v. Taylor **(1981),** 194 Mont. 123, 126, 634 **P.2d** 1180, 1182. The dismissal will be affirmed only if this Court finds that the plaintiffs are not entitled to relief under any set of facts which could be proven in support of the claim. **Proto** v. Missoula County **(1988),** 230 Mont. 351, 352-53, **749 P.2d** 1094, 1095-96.

### I - RESTRAINT OF TRADE CLAIM

The Plaintiffs allege that Video Lottery has violated § 30-14-205(2)**(c),** MCA, which provides:

> It is unlawful for a person or group of persons, directly or indirectly: . . .
>
> > (2) for the purpose of creating or carrying out any restriction in trade, to: . . .
> >
> > > (c) prevent competition in the distribution or sale of merchandise or commodities.

Although this section is modeled after § 1 of the Sherman Act, it differs in one critical respect. The Sherman Act requires two or more persons to be involved in the unlawful trade restraint: in effect, a conspiracy must exist. 15 **U.S.C.** § 1; Copperweld Corp. v. Independence Tube Corp. **(1984),** 467 U.S. 752, **767-68,** 104 **S.Ct.** 2731, 2739-40, 81 **L.Ed.2d** 628, 641. However, the Montana counterpart states that a **"person"** may violate this section. Thus, the Montana statute on restraint of trade facially appears to be broader than the Sherman Act, as one person acting alone may violate the Montana statute.

We note that there is minimal Montana law interpreting the

3

Unfair Trade Practices Act, and no cases interpreting § 30-14-205(2)(c), MCA. We also recognize that cutting litigation short at the initial pleading stage is not favored. **Willson**, 634 P.2d at 1183. This is especially true when the cause of action is based upon a statute that has not been previously interpreted and where no underlying factual record has been developed.

Therefore, because Montana's restraint of trade statute differs in some respects from the Sherman Act, and because we have not heretofore interpreted § 30-14-205(2)(c), MCA, on appeal and in the context of a factual record developed on the basis of the granting of a **motion** for summary judgment or on the basis of a trial, we hold that dismissing the complaint on Count One was premature and thus error. While not ruling on the merits of their claim, we cannot say that the Plaintiffs are not entitled to relief under any set of facts which could be proven in support of their claim. We believe that the Plaintiffs' allegations should be more fully developed through discovery. **See** **Willson**, 634 P.2d at 1183. If the Plaintiffs cannot develop a sustainable action through discovery, their claim under § 30-14-205(2)(c), MCA, **may** be properly disposed of through summary judgment.

As to the Plaintiffs' request for an injunction under § 30-14-222, MCA, we hold that, if the Plaintiffs are able to develop and maintain an action under § 30-14-205(2)(c), MCA, they may then be entitled to injunctive relief. However, if the Plaintiffs cannot factually develop and maintain an action under this section, then an injunction **will** not properly issue.

Accordingly, we reverse the District Court's dismissal of

4

Counts One and Four, and remand for proceedings consistent with this opinion.

## II - MONOPOLY AND REBATES CLAIMS

The Plaintiffs also allege that Video Lottery has refused to provide its machines to the Plaintiffs in order to create a monopoly in the sale and use of Video Lottery machines. This claim is based on § 30-14-205(2)(g), MCA, which provides:

> It is unlawful for a person or group of persons, directly or indirectly: . . .
>
> > (2) For the purpose of creating or carrying out any restriction in trade, to: . . .
> >
> > > (g) create a monopoly in the manufacture, sale, or transportation of an article of commerce.

This section of the Unfair Trade Practices Act is very similar to § 2 of the Sherman Act, which prohibits the creation of a monopoly. Because the statutes are similar, we will give due weight to the federal courts' interpretation of this type of alleged antitrust violation.

In this case, the Plaintiffs allege that Video Lottery has refused to sell its gambling machines to them. However, it is clear that "[a] manufacturer has a natural monopoly over its own products, especially when the products are sold under a trademark." Sadler v. Rexair, Inc. (D.C.Mont. 1985), 612 F.Supp. 491, 494.

In Sadler, a supplier of Rainbow vacuum cleaners terminated a distribution agreement with the plaintiff. The plaintiff filed an action against the supplier, alleging antitrust violations. The court held that "[a] 'brand' monopoly over the manufacturer's own

5

product . . . is not a violation of 15 U.S.C. § 2" and dismissed the action. <u>Sadler,</u> 612 **F.Supp.** at 494.

Following the reasoning of <u>Sadler</u>, we hold that a brand monopoly over the manufacturer's own product does not violate § 30-14-205(2)(g), MCA. Here, Plaintiffs allege Video Lottery has refused to sell Video Lottery gambling machines to them. This allegation cannot sustain a cause of action under this section of the Unfair Trade Practices Act.

The Plaintiffs also claim that Video Lottery's refusal to sell its machines violates **§ 30-14-215(1),** MCA, which prohibits secret rebates, as follows:

> (1) The secret payment or allowance of rebates, refunds, commissions, or unearned discounts, whether in the form of money or otherwise, or secretly extending to certain <u>purchasers</u> special services or privileges not extended to all <u>purchasers</u> purchasing upon like terms and conditions, to the injury of a competitor and when such payment or allowance tends to destroy competition, is an unfair trade practice. . . . (emphasis added)

This section applies when a seller discriminates between purchasers. The Plaintiffs have alleged that Video Lottery has refused to sell to them. Therefore, the Plaintiffs are not "purchasers" as contemplated by this statute. Because this section of the Unfair Trade Practices Act applies only to discrimination between purchasers, the Plaintiffs have failed to state a claim under this section upon which relief may be granted.

We hold that the District Court properly dismissed Counts Two and Three of the Plaintiffs' amended complaint.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

7