**N O.** 95-442

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

GERRY WILLIAMS,

    Plaintiff and Appellant,

  v.

ZORTMAN MINING, INC.,

    Defendant and Respondent.

FILED

APR 15 1996

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Seventeenth Judicial District,
In and for the County of Phillips,
The Honorable John C. McKeon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John F. Lynch; Jeff R. Lynch, Great Falls, Montana

    For Respondent:

        Thomas E. Hattersley, III, David C. Dalthorp;
Gough, Shanahan, Johnson & Waterman, Helena,
Montana

Submitted on Briefs: February 22, 1996

Decided: April 15, 1996

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Gerry Williams appeals from the order of the Seventeenth Judicial District Court, Phillips County, granting Zortman Mining, Inc.'s motion to dismiss for failure to state a claim upon which relief can be granted, based upon the running of the statute of limitations. We affirm.

We consider the following dispositive issue on appeal:

Does the "savings statute," § 27-2-407, MCA, apply to save Williams' claim from being barred by the statute of limitations?

Gerry Williams (Williams) was employed by Zortman Mining, Inc. (Zortman), a wholly-owned subsidiary of Pegasus Gold Corporation, from 1978 until 1991. In 1991, Williams resigned his position rather than agree to a transfer to a position which amounted to a demotion. Thereafter, on January 8, 1992, Williams filed a charge of discrimination with the Montana Human Rights Commission (HRC) alleging that he had been unlawfully discriminated against because of his Native American origin and in retaliation for his complaints over the lack of Native American hiring by Zortman and his participation in a sexual discrimination suit brought by a female co-worker. At the request of Zortman, the HRC issued a right to sue letter on March 23, 1993. An amended right to sue letter was issued on March 29, 1993.

On June 18, 1993, Williams filed his complaint in the United States District Court for the District of Montana, Billings Division, against "Pegasus Gold Corp., a Nevada Corporation, d/b/a Zortman Mining, Inc." The court dismissed Williams' complaint on

2

November 3, 1993. The court noted that Williams was attempting to manipulate the diversity jurisdiction of the federal court in naming the foreign parent corporation, Pegasus, and not the Montana subsidiary, Zortman. Zortman was incorporated in the State of Montana, and naming Zortman as a party would have defeated diversity jurisdiction under 28 U.S.C. § 1332. With respect to the named party, Pegasus, the federal court determined that Williams had not exhausted his administrative remedies against that entity. Accordingly, the court granted Pegasus' motion to dismiss because of Williams' failure to exhaust his administrative remedies.

On November 9, 1993, after the 90-day period to file in district court following the issuance of the right to sue letter, Williams filed his complaint in state district court naming Zortman as the only defendant. See § 49-2-509, MCA. On January 10, 1994 Zortman moved to dismiss Williams' complaint for failure to state a claim upon which relief can be granted or, alternatively, for judgment on the pleadings, based on the statute of limitations. On September 1, 1995, the District Court granted Zortman's motion to dismiss. Williams appeals from this determination.

The issue of whether the district court properly applied the statute of limitations and granted a Rule 12(b)(6), M.R.Civ.P. motion to dismiss presents a question of law. Hollister v. Forsythe (1995), 271 Mont. 91, 93, 889 P.2d 1205, 1206. This Court reviews issues of law to determine whether the district court's application or interpretation of the law is correct. Hollister, 889 P.2d at 1206 (citing McGregor v. Madsen (1992), 253 Mont. 210,

3

212, 832 P.2d 779, 780). In reviewing a district court's dismissal for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), M.R.Civ.P., we will construe the complaint in the light most favorable to the plaintiff and take the allegations of the complaint as true. Smith v. Video Lottery Consultants (1993), 260 Mont. 54, 57, 858 P.2d 11, 12 (citing Wilson v. Taylor (1981), 194 Mont. 123, 126, 634 P.2d 1180, 1182). The dismissal will be affirmed only if this Court finds that the plaintiff is not entitled to relief under any set of facts which could be proven in support of the claim. Smith, 858 P.2d at 12.

The District Court noted that "[t]he federal district court action named Pegasus, the parent corporation, 'd/b/a Zortman Mining CO.,' as Defendant, but did not name Zortman as a distinct corporate entity." Further, the District Court stated that Williams did not file his state court complaint within 90 days of receiving the right to sue letter from the HRC, rather, Williams filed his complaint in federal district court. Williams contends that this filing satisfied § 49-2-509(2), MCA, and that the "savings statute," § 27-2-407, MCA, gives him one year to refile his complaint following dismissal in federal court. The "savings statute," § 27-2-407, MCA, provides:

> If an action is commenced within the time limited
> therefor and a judgment therein is reversed on appeal
> without awarding a new trial or the action is terminated
> in any other manner than by a voluntary discontinuance,
> a dismissal of the complaint for neglect to prosecute the
> action, or a final judgment upon the merits, the
> plaintiff or, if he dies and the cause of action
> survives, his representative may commence a new action
> for the same cause after the expiration of the time so
> limited and within 1 year after such a reversal or

4

termination.

The District Court aptly noted that "Plaintiff's argument missed one critical point--that is, the action filed by Plaintiff in federal district court is against a different party. The sole defendant in the federal action was Pegasus, which is not a party to this action." In interpreting a "savings statute" similar to Montana's, the Tennessee Court of Appeals determined that:

> The savings statute applies only when the new complaint and the original complaint "are substantially for the same cause of action." . . . There must be an identity of the parties in order for the new and original complaints to be substantially the same. . . .
>
> [The court determined that plaintiff's] second complaint in state court is not substantially similar to his original state complaint because it involved different parties. *The savings statute is not applicable to the claims in a renewed complaint against a party not named as a defendant in the original complaint.* [Citations omitted.]

Turner v. Aldor Co. of Nashville, Inc. (Tenn. Ct. App. 1991), 827 S.W.2d 318, 321 (emphasis added) (interpreting Tenn. Code Ann. § 28-1-105(a)). We find the reasoning of the Tennessee Court of Appeals to be persuasive and agree that the "savings statute" does not apply to save or "renew" a complaint against a party not named in the original complaint.

Similarly, in McCoy Enterprises v. Vaughn (Ga. Ct. App. 1980), *268* S.E.2d 764, 765, the Georgia Court of Appeals discussed a situation where, as here, the plaintiff knowingly named the wrong party in the original complaint. The McCoy court stated that even though the corporate defendant likely had actual notice because of the first suit, the second suit should have been dismissed because

the corporation had not been named as a party in the first suit. The court concluded that "since appellant corporation was never a party to the original suit, [respondent] cannot maintain a 'renewal' action against it in light of the intervening statute of limitation." McCoy, 268 S.E.2d. at 765.

In the instant case, the District Court noted that Zortman and Pegasus were separate legal entities and stated that:

> The only way for Plaintiff to prevail in his argument is to show that Zortman is the alter ego of Pegasus; that is, to show that the two entities should be treated as the same. Plaintiff does not make any such allegations in his complaint and has not made any other showing of such evidence, by affidavit or otherwise, to this Court.

Although Williams named "Pegasus Gold Corp., a Nevada Corporation, d/b/a Zortman Mining, Inc." in the federal suit, that does not suffice for purposes of the "savings statute." Zortman is not merely a d/b/a for Pegasus. Rather, Zortman is a separate legal entity. Williams cannot have the best of both worlds; ignoring Zortman as a separate legal entity for purposes of diversity jurisdiction and then, after dismissal in federal court, expecting the Montana state courts to acknowledge the "d/b/a" label as sufficient designation of the proper entity for purposes of the "savings statute."

This Court has held that the "savings statute" is to be applied in cases where an action has been commenced and, without plaintiff's fault, there has been a failure to reach a determination of the merits and the statute of limitations has run during the pendency of such action. Tietjen v. Heberlein (1918), 54 Mont. 486, 488, 171 P. 928, 928.

6

Here, the District Court noted that "Plaintiff had every opportunity to bring a discrimination claim against Zortman in the proper forum within the statutory period." With respect to Williams' filing in federal court, the court stated "it appears that Plaintiff attempted to manipulate the jurisdiction of the federal court by only suing Pegasus . . and Plaintiff cannot now be said to be without fault in omitting Zortman as a defendant in the federal claim." We agree with the District Court's conclusion, citing § 49-2-509(5),[1] MCA, that:

> As Plaintiff chose not to include Zortman [a separate legal entity] as a party in the federal action, that action does not trigger the "savings" statute. Without the Montana "savings" statute, the statute of limitations under Section 49-[2]-509(5), M.C.A. clearly applies.

Accordingly, the District Court concluded that § 49-2-509(5), MCA, operated to bar Williams' state court complaint because it had not been filed within the 90-day period. We determine that the District Court correctly concluded that Williams' claim was not saved by § 27-2-407, MCA, because Zortman was not a party to the first suit. Accordingly, the statute of limitations set forth in § 49-2-509(5), MCA, operated to bar Williams' claim.

Affirmed.

_____
Justice

---

[1] We note that the District Court's order mistakenly cites § 49-2-509(5), MCA, as § 49-5-509(5), MCA. The statute of limitations relied on by the District Court appears in § 49-2-509(5), MCA, and Title 49 does not include Chapter 5.

We concur.

_____
Chief Justice

_____

_____

_____
Justices

Justice Terry N. Trieweiler dissenting.

I dissent from the majority opinion.

The majority's result can only be accomplished by grafting judicially-created elements onto Montana's saving statute which are not present in the statute itself. In the process, the majority's result is accomplished in total disregard of the purpose of the saving statute and the merits of the plaintiff's claim.

Montana's saving statute, found at § 27-2-407, MCA, provides in relevant part that:

> If an action is commenced within the time limited therefor and . the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action for the _same cause_ after the expiration of the time so limited and within 1 year after such a . . termination.

(Emphasis added.)

Contrary to the discussion in the ancient case of _Tietjen v. Heberlein_ (1918), 54 Mont. 486, 488, 171 P. 928, 928, there is no provision in the "saving statute" which renders the statute inapplicable if the original federal action is dismissed based on some subjective notion of the plaintiff's "fault." Neither is there any language in the saving statute which would make it inapplicable where the parties are not identical. The statute will not save a subsequent state court action where three, and only three, circumstances exist: (1) voluntary dismissal by the plaintiff, (2) dismissal for failure to prosecute by the plaintiff,

9

and (3) final judgment on the merits. None of those circumstances exists in this case.

Furthermore, it is incorrect that in any substantive sense the party that Williams sued in federal court was different than the party subsequently sued in state court. The difference between suing Pegasus Gold Corp., d/b/a Zortman Mining, Inc., and suing Zortman Mining, Inc., as a wholly-owned subsidiary of Pegasus Gold Corporation, is a difference that exists on paper only. The nature of the relationship between the two corporations was correctly alleged in substance, notice to one corporation was effectively notice to the other, and the effect of allowing the subsequent state action to proceed after amending the form in which the defendant was named would have been no different than allowing amendments in state court to relate back to the date of the original action under Rule 15(c), M.R.Civ.P.

If Williams had sued Pegasus Gold Corp., d/b/a Zortman Mining, Inc., in state court within ninety days after the Montana Human Rights Commission issued its notice of right to sue and had amended his complaint to correctly identify the defendant as simply Zortman Mining, Inc., more than ninety days after the notice of right to sue, his amendment would have related back to the date of the original cause of action and would not have been subject to dismissal based on the statute of limitations. Rule 15(c) provides in relevant part that:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the

10

original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the **merits,** and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In *Berlin v. Boedecker* (1994), 268 Mont. 444, 887 P.2d 1180, we allowed an action to proceed against a corporate defendant, even though the complaint was not amended to name the corporate defendant until seven and one-half years after the actions complained of. We held that because a principal in the corporation had been named in the original suit which had been filed prior to expiration of the statute of limitations, the corporate defendant had notice of the plaintiff's allegations in a timely fashion and was not prejudiced by being named as a party by later amendment.

In this case, all the requirements of Rule 15(c) were satisfied. Zortman Mining, Inc., had notice of the action against Pegasus Gold in federal court; it knew that Zortman was the proper party; and no prejudice can be shown to Zortman by now having to defend the case on its merits.

Because an amendment changing the identity of the parties would have been allowed in state court had the action originally been filed against Pegasus Gold in state court, no different result should occur in this situation in light of the saving statute. The purpose of the saving statute is to allow actions which are filed

11

on time in federal court to proceed in district court after dismissal in federal court, except for limited circumstances which are not present in this case. The fact that the form by which the defendant was identified in federal court was not identical to the form by which the defendant is identified in the state court action is not one of those circumstances which precludes application of the statute. Any reading of the two complaints requires the conclusion that they are the same cause of action.

Furthermore, I conclude that the majority's reliance on decisions from intermediate courts of appeal in Tennessee and Georgia is misplaced. In *Turner v. Aldor Co. of Nashville* (Tenn. Ct. App. 1991), 027 S.W.2d 318, the plaintiff was injured by an overhead garage door and originally sued the distributor for the door. That action was voluntarily dismissed and later, after the statute of limitations had run, a second action was brought against the manufacturer of the door. There is no indication in that decision that the distributor and manufacturer were in any way related, or that the manufacturer had been mentioned as a party in the plaintiff's original complaint in any form. Furthermore, although the exact text of Tennessee's saving statute is not set forth in the opinion, we can conclude that it is not identical to Montana's, or the mere fact that the plaintiff's original complaint had been dismissed voluntarily would have precluded its application. In this case, Zortman was identified in the caption of Williams' federal court complaint. The **claim** in the subsequent state court

12

action was identical, and Williams' federal court claim was not voluntarily dismissed.

In *McCoy Enterprises v. Vaughn* (Ga. Ct. App. 1980), 268 S.E.2d 764, the plaintiff's original cause of action was dismissed voluntarily more than two years after it had been filed and after the trial of the claim had commenced. A second cause of action was filed nearly four and one-half years after the negligent act complained of had occurred and a new defendant was named. The applicable statute of limitations was two years. Significantly, both actions were filed in state court and the Georgia Court of Appeals held that the plaintiff could have availed himself of the opportunity to rename the party defendant by amendment of his pleading, but had chosen not to do so. Instead, he voluntarily dismissed his first cause of action. Most significantly, Georgia's saving statute, which is interpreted in that decision, requires that a second suit, in order to be saved, be "against a person from whom relief was prayed in the first suit." *McCoy*, 268 S.E.2d at 765. No similar requirement is found in Montana's saving statute. Therefore, the Georgia decision is completely inapplicable to the facts and the rule we have been asked to interpret in this case.

In addition to being an incorrect and unjustified application of the plain language found in Montana's saving statute, the reasoning of the District Court, which has been affirmed and adopted by this Court, is completely inappropriate. The approach of the trial court and the majority seems to be that since the

13

plaintiff's attorney tried to satisfy jurisdictional requirements for federal court by the manner in which he identified the defendants in his federal complaint, he did something wrong and therefore, cannot avail himself of the plain provisions of Montana's saving statute.

First, based on the record before us, it is impossible to conclude that the plaintiff's attorney did anything wrong. There may have been good reason to believe that Pegasus was simply the alter-ego of Zortman. Lawyers often file complaints assuming one set of facts can be established and subsequently learn otherwise. Second, the application of Montana's saving statute has nothing to do with "fault" and the majority's interjection of its notions of propriety has no place in its application of that statute.

For these reasons, I would reverse the order of the District Court and allow the plaintiff's claim to proceed to a resolution based on its merits.

_____
ust de

Justice William E. Hunt, Sr., joins in the foregoing dissenting opinion.

_____
Justice

14