JUSTICE LEAPHART
delivered the Opinion of the Court.
Gerry Williams appeals from the order of the Seventeenth Judicial District Court, Phillips County, granting Zortman Mining, Inc.’s motion to dismiss for failure to state a claim upon which relief can be granted, based upon the running of the statute of limitations. We affirm.
We consider the following dispositive issue on appeal:
Does the “savings statute,” § 27-2-407, MCA, apply to save Williams’ claim from being barred by the statute of limitations?
Gerry Williams (Williams) was employed by Zortman Mining, Inc. (Zortman), a wholly-owned subsidiary of Pegasus Gold Corporation, from 1978 until 1991. In 1991, Williams resigned his position rather than agree to a transfer to a position which amounted to a demotion. Thereafter, on January 8, 1992, Williams filed a charge of discrimination with the Montana Human Rights Commission (HRC) alleging that he had been unlawfully discriminated against because of his Native American origin and in retaliation for his complaints over the lack of Native American hiring by Zortman and his participation in a sexual discrimination suit brought by a female co-worker. At the request of Zortman, the HRC issued a right to sue letter on March 23, 1993. An amended right to sue letter was issued on March 29, 1993.
On June 18,1993, Williams filed his complaint in the United States District Court for the District of Montana, Billings Division, against “Pegasus Gold Corp., a Nevada Corporation, d/b/a Zortman Mining, Inc.” The court dismissed Williams’ complaint on November 3,1993. The court noted that Williams was attempting to manipulate the diversity jurisdiction of the federal court in naming the foreign parent *512 corporation, Pegasus, and not the Montana subsidiary, Zortman. Zortman was incorporated in the State of Montana, and naming Zortman as a party would have defeated diversity jurisdiction under 28 U.S.C. § 1332. With respect to the named party, Pegasus, the federal court determined that Williams had not exhausted his administrative remedies against that entity. Accordingly, the court granted Pegasus’ motion to dismiss because of Williams’ failure to exhaust his administrative remedies.
On November 9, 1993, after the 90-day period to file in district court following the issuance of the right to sue letter, Williams filed his complaint in state district court naming Zortman as the only defendant. See § 49-2-509, MCA. On January 10, 1994 Zortman moved to dismiss Williams’ complaint for failure to state a claim upon which relief can be granted or, alternatively, for judgment on the pleadings, based on the statute of limitations. On September 1,1995, the District Court granted Zortman’s motion to dismiss. Williams appeals from this determination.
The issue of whether the district court properly applied the statute of limitations and granted a Rule 12(b)(6), M.R.Civ.P. motion to dismiss presents a question of law. Hollister v. Forsythe (1995), 271 Mont. 91, 93, 889 P.2d 1205, 1206. This Court reviews issues of law to determine whether the district court’s application or interpretation of the law is correct. Hollister, 889 P.2d at 1206 (citing McGregor v. Madsen (1992), 253 Mont. 210, 212, 832 P.2d 779, 780). In reviewing a district court’s dismissal for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), M.R.Civ.P, we will construe the complaint in the light most favorable to the plaintiff and take the allegátions of the complaint as true. Smith v. Video Lottery Consultants (1993), 260 Mont. 54, 57, 858 P.2d 11, 12 (citing Willson v. Taylor (1981), 194 Mont. 123, 126, 634 P.2d 1180, 1182). The dismissal will be affirmed only if this Court finds that the plaintiff is not entitled to relief under any set of facts which could be proven in support of the claim. Smith, 858 P.2d at 12.
The District Court noted that “[t]he federal district court action named Pegasus, the parent corporation, ‘d/b/a Zortman Mining Co.,’ as Defendant, but did not name Zortman as a distinct corporate entity.” Further, the District Court stated that Williams did not file his state court complaint within 90 days of receiving the right to sue letter from the HRC, rather, Williams filed his complaint in federal district court. Williams contends that this filing satisfied § 49-2-509(2), MCA, and that the “savings statute,” § 27-2-407, MCA, gives *513 him one year to refile his complaint following dismissal in federal court. The “savings statute,” § 27-2-407, MCA, provides:
If an action is commenced within the time limited therefor and a judgment therein is reversed on appeal without awarding a new trial or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff or, if he dies and the cause of action survives, his representative may commence a new action for the same cause after the expiration of the time so limited and within 1 year after such a reversal or termination.
The District Court aptly noted that “Plaintiff’s argument missed one critical point — that is, the action filed by Plaintiff in federal district court is against a different party. The sole defendant in the federal action was Pegasus, which is not a party to this action.” In interpreting a “savings statute” similar to Montana’s, the Tennessee Court of Appeals determined that:
The savings statute applies only when the new complaint and the original complaint “are substantially for the same cause of action.” ... There must be an identity of the parties in order for the new and original complaints to be substantially the same. ...
[The court determined that plaintiff’s] second complaint in state court is not substantially similar to his original state complaint because it involved different parties. The savings statute is not applicable to the claims in a renewed complaint against a party not named as a defendant in the original complaint. [Citations omitted.]
Turner v. Aldor Co. of Nashville, Inc. (Tenn. Ct. App. 1991), 827 S.W.2d 318, 321 (emphasis added) (interpreting Tenn. Code Ann. § 28-l-105(a)). We find the reasoning of the Tennessee Court of Appeals to be persuasive and agree that the “savings statute” does not apply to save or “renew” a complaint against a party not named in the original complaint.
Similarly, in McCoy Enterprises v. Vaughn (Ga. Ct. App. 1980), 268 S.E.2d 764, 765, the Georgia Court of Appeals discussed a situation where, as here, the plaintiff knowingly named the wrong party in the original complaint. The McCoy court stated that even though the corporate defendant likely had actual notice because of the first suit, the second suit should have been dismissed because the corporation had not been named as a party in the first suit. The court concluded that “since appellant corporation was never a party to the original *514 suit, [respondent] cannot maintain a ‘renewal’ action against it in light of the intervening statute of limitation.” McCoy, 268 S.E.2d. at 765.
In the instant case, the District Court noted that Zortman and Pegasus were separate legal entities and stated that:
The only way for Plaintiff to prevail in his argument is to show that Zortman is the alter ego of Pegasus; that is, to show that the two entities should be treated as the same. Plaintiff does not make any such allegations in his complaint and has not made any other showing of such evidence, by affidavit or otherwise, to this Court.
Although Williams named “Pegasus Gold Corp., a Nevada Corporation, d/b/a Zortman Mining, Inc.” in the federal suit, that does not suffice for purposes of the “savings statute.” Zortman is not merely a d/b/a for Pegasus. Rather, Zortman is a separate legal entity. Williams cannot have the best of both worlds; ignoring Zortman as a separate legal entity for purposes of diversity jurisdiction and then, after dismissal in federal court, expecting the Montana state courts to acknowledge the “d/b/a” label as sufficient designation of the proper entity for purposes of the “savings statute.”
This Court has held that the “savings statute” is to be applied in cases where an action has been commenced and, without plaintiff’s fault, there has been a failure to reach a determination of the merits and the statute of limitations has run during the pendency of such action. Tietjen v. Heberlein (1918), 54 Mont. 486, 488, 171 P. 928, 928.
Here, the District Court noted that “Plaintiff had every opportunity to bring a discrimination claim against Zortman in the proper forum within the statutory period.” With respect to Williams’ filing in federal court, the court stated “it appears that Plaintiff attempted to manipulate the jurisdiction of the federal court by only suing Pegasus ... and Plaintiff cannot now be said to be without fault in omitting Zortman as a defendant in the federal claim.” We agree with the District Court’s conclusion, citing § 49-2-509(5),[1] MCA, that:
As Plaintiff chose not to include Zortman [a separate legal entity] as a party in the federal action, that action does not trigger the “savings” statute. Without the Montana “savings” statute, the statute of limitations under Section 49-[2]-509(5), M.C.A. clearly applies.
*515 Accordingly, the District Court concluded that § 49-2-509(5), MCA, operated to bar Williams’ state court complaint because it had not been filed within the 90-day period. We determine that the District Court correctly concluded that Williams’ claim was not saved by § 27-2-407, MCA, because Zortman was not a party to the first suit. Accordingly, the statute of limitations set forth in § 49-2-509(5), MCA, operated to bar Williams’ claim.
Affirmed.
CHIEF JUSTICE TURNAGE, JUSTICES GRAY, NELSON and ERDMANN concur.

. We note that the District Court’s order mistakenly cites § 49-2-509(5), MCA, as § 49-5-509(5), MCA. The statute of limitations relied on by the District Court appears in § 49-2-509(5), MCA and Title 49 does not include Chapter 5.