FILED

07/07/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0440

DA 19-0440

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 173N

ELAINE MITCHELL,

      Plaintiff and Appellant,

    v.

GLACIER COUNTY; GLENDA HALL, Glacier County
Clerk and Recorder; and MICHAEL DESROSIER,
Glacier County Commissioner,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Glacier, Cause No. DV-2017-58
Honorable Jon A. Oldenburg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Patrick F. Flaherty, Flaherty Gallardo Lawyers, Great Falls, Montana

      For Appellees:

            Gregory L. Bonilla, MACo Defense Services, Helena, Montana

Submitted on Briefs:  May 6, 2020

Decided:  July 7, 2020

Filed:

_____
              Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and shall not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Elaine Mitchell appeals a Ninth Judicial District Court order, Glacier County, alleging the court erred in dismissing her complaint for failure to state a claim under M. R. Civ. P. 12(b)(6). We affirm.

¶3 Mitchell's complaint alleged that Glacier County officials engaged in malicious prosecution, abuse of process, defamation,[1] violation of the Government Code of Fair Practices, and violations of her civil rights, including the rights of free speech, assembly, press, to participate in governmental activities and to be free from retaliation for such participation, as well as her rights to equal protection of the laws and the due process of law. Her complaint arises as a result of a complaint by Defendant Glenda Hall ("Hall") against Mitchell with the Montana Department of Labor and Industry, Business Standards Bureau ("Department").[2] Hall's complaint alleged Mitchell was operating as an accountant without a license. Upon review, the Department compliance staff concluded

---

[1] Mitchell conceded this claim and does not raise the issue on appeal.

[2] The dispute between these parties is extensive and ongoing. The Hall complaint was filed in an environment of criticism by Mitchell of Ms. Hall and the Commissioners for alleged poor management of county government and incompetence.

2

that the complaint failed to include an allegation that states a violation of law or rule since "the licensure act does not require a license in order for persons to refer to themselves as 'accountants.'" The Department administratively closed the complaint and no further action was taken.

¶4 A complaint in district court may be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Willson v. Taylor*, 194 Mont. 123, 126, 634 P.2d 1180, 1182 (1981).

¶5 Mitchell's malicious prosecution and abuse of process claims fail since no judicial proceeding was instituted. *Seltzer v. Morton*, 2007 MT 62, ¶¶ 57, 72, 336 Mont. 225, 154 P.3d 561; *Plouffe v. Mont. DPHHS*, 2002 MT 64, ¶ 16, 309 Mont. 184, 45 P.3d 10; § 1-1-102(5), MCA. Mitchell's remaining claims alleging violations of the Government Code of Fair Practices and her civil rights were not pleaded with specificity. *Mysse v. Martens*, 279 Mont. 253, 266, 926 P.2d 765, 773 (1996) (holding a complaint "must give notice to the other party of the facts which the pleader expects to prove, and the facts must disclose the presence of all the elements necessary to make out a claim"). Mitchell's civil rights complaint fails to allege how or when she was deprived of her free speech rights, right to equal protection, due process, or the damages caused. She only alleges Hall's complaint was intended to "use the legitimate purposes of government for a corrupt, sinister, and ulterior purpose; namely to further her private agenda of destroying the livelihood and career and civil rights of Elaine Mitchell." Regarding her Fair Practices claim, that the County discriminated against her, Mitchell again fails to

allege with specificity how the County discriminated against her, nor does she allege specific codes the County violated.[3]  The District Court did not err in its conclusions of law and properly dismissed Mitchell's claims for failure to state a claim.

¶6    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶7    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JIM RICE
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR

---

[3] Mitchell also pressed her discrimination complaint with the Montana Human Rights Bureau; the Bureau "found no reasonable cause to believe that discrimination occurred" and dismissed the complaint on July 18, 2017.