No. 98-446

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 118N

RICHARD STEVENS and

BETTY J. STEVENS,

Plaintiffs and Appellants,

v.

CUYLER P. MEDORE, DOUGLAS

MILLER, ET AL.,

Defendants and Respondents.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

No

The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Richard Stevens and Betty Stevens, Somers, Montana (pro se)

For Respondent:

Jeffrey D. Ellingson, Ellingson Law Offices, Kalispell, Montana (Medore); C. Mark Hash, Hash & O'Brien, Kalispell, Montana (Miller)

Submitted on briefs: November 19, 1998

Decided: May 28, 1999

Filed:

_____

No

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases.**

**¶2. Richard Stevens and Betty J. Stevens filed suit in the District Court for the Eleventh Judicial District in Flathead County alleging that the defendants, whose property adjoined the Stevens, damaged their filed water rights for irrigation when they dredged a portion of Altenberg Slough. The District Court concluded that the Stevens failed to establish a causal relationship between the defendants' excavation and any impact on the Stevens' ability to irrigate. The court granted the defendants' motion for summary judgment and the Stevens appeal. We affirm.**

**¶3. It is well established that the party seeking summary judgment has the burden of demonstrating the absence of any genuine factual issues. The party opposing the motion for summary judgment must "present material and substantial evidence, rather than merely conclusory or speculative statements, to raise a genuine issue of material fact." Hagen v. Dow Chemical Co. (1993), 261 Mont. 487, 491, 863 P.2d 413, 416 (citations omitted). This Court reviews an order for summary judgment by utilizing the same criteria used by the district court under Rule 56, M.R.Civ.P. Hagen, 261 Mont. at 491, 863 P.2d at 416 (citation omitted).**

**¶4. In this case, we agree with the District Court that there is insufficient evidence to create a genuine issue of material fact regarding causation. The defendants presented the expert opinion of Roger Noble, a hydrologist, who testified that the defendants' dredging did not cause the lowering of the slough. It was then the Stevens' burden to present material and substantial evidence to raise a genuine issue of material fact.**

¶5. One of the Stevens' listed experts, Mark Shapley, testified that he could not determine whether or not the dredging caused a lowering of the water level in the slough. The only evidence presented by the Stevens that the dredging did, in fact, lower the water level was the testimony of Mr. Stevens himself. However, he is not qualified to render such an opinion.

¶6. Rule 701, M.R.Evid., states that the opinion of a lay witness is "limited to those opinions or inferences which are . . . rationally based on the perception of the witness. . . ." Although Mr. Stevens testified that there was a lower water level in the slough after the dredging, nothing indicates that he perceived anything that supports the required causal relationship. We agree with the District Court that given the complex scientific nature of hydrology and the multitude of factors that impact an aquifer, only a "witness qualified as an expert by knowledge, skill, experience, training, or education may testify" about the cause of the lowering of the water level in the slough. Rule 702, M.R.Evid.

¶7. Because the defendants presented clear evidence, through the testimony of Noble, that the dredging did not affect the aquifer and did not lower the water level in the slough, the burden shifted to the Stevens to establish a genuine issue of material fact regarding causation. This they failed to do. Accordingly, the defendants were entitled to summary judgment. We hold that the District Court did not err when it granted the defendants' motion for summary judgment.

¶8. Affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

/S/ TERRY N. TRIEWEILER

No

/S/ KARLA M. GRAY

/S/ JIM REGNIER