No. 00-616

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 33N

RICHARD STEVENS and BETTY STEVENS,

Plaintiffs and Appellants,

v.

DEPARTMENT OF NATURAL RESOURCES

AND CONSERVATION, ARTHUR (BUD)

CLINCH, Director,

Defendants and Respondents.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

Honorable Ted O. Lympus, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Richard and Betty Stevens, *pro se*, Somers, Montana

For Respondent:

Thomas G. Bowe, Special Assistant Attorney General, Helena, Montana

Submitted on Briefs: November 30, 2000
Decided: February 22, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c) Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issues by this Court.

¶2 Richard and Betty Stevens (the Stevenses), appearing *pro se*, appeal from the order of the Eleventh Judicial District Court dismissing their suit against the Montana Department of Natural Resources and Conservation (DNRC) and its Director, Bud Clinch (Clinch). We affirm the order of the District Court.

## FACTUAL BACKGROUND

¶3 The Stevenses own a parcel of land in Flathead County that abuts a natural wetland known as Altenburg Slough. Sometime between December 1993 and March 1994, the owners of an adjacent parcel dredged material from the slough to create access for stock watering and recreation. At the time, DNRC determined that the dredging was not an "appropriation of water" and the owners of the adjacent parcel did not need a DNRC permit for the dredging.

¶4 The Stevenses brought suit against their neighbors, alleging that the dredging was interfering with their irrigation water right. After discovery, the neighbors filed a motion for summary judgment. The District Court granted the motion on the grounds that the Stevenses presented no evidence of a causal connection between the dredging of the slough and the alleged drop in water level on their property. The Stevenses appealed to this Court which affirmed in a noncitable opinion. *See* Stevens v. Medore, 1999 MT 118N.

¶5 Meanwhile, in August 1996, the owners of the adjacent parcel filed for bankruptcy. The Stevenses presented a $100,000 claim in bankruptcy court for compensation for

interference with their water right. After finding that the owners of the adjacent parcel were not acting negligently or tortiously and that they were not diverting water from the slough, the United States Bankruptcy Court, District of Montana, disallowed the Stevenses' claim. The Stevenses appealed this order to the United States District Court, which affirmed on September 16, 1998.

¶6 On February 1, 2000, the Stevenses filed the present action against DNRC and Clinch in the Eleventh Judicial District Court, Flathead County. The gravamen of their complaint is that they were injured when DNRC failed to prevent the dredging back in 1993. Respondents filed motions to dismiss, pursuant to Rule 12(b)(6), M.R.Civ.P., on the grounds that the suit was barred by the statute of limitations, insufficiency of service of process and other grounds. The District Court granted the motion with prejudice.

## ISSUE

¶7 The sole issue on appeal is whether the District Court erred when it granted defendants' motions to dismiss.

## STANDARD OF REVIEW

¶8 Whether the district court properly granted a Rule 12(b)(6), M.R.Civ.P., motion to dismiss presents a question of law. Missoula YWCA v. Bard, 1999 MT 177, ¶ 3, 295 Mont. 260, ¶ 3, 983 P.2d 933, ¶ 3 (citing Williams v. Zortman Mining, Inc. (1996), 275 Mont. 510, 512, 914 P.2d 971, 972). This Court reviews questions of law to determine whether the district court's application or interpretation of the law is correct. *Missoula YWCA*, ¶ 3. When reviewing a district court's dismissal for failure to state a claim upon which relief can be granted, we will construe the complaint in the light most favorable to the plaintiff, with all factual allegations taken as true. *Missoula YWCA*, ¶ 3. This Court will affirm the dismissal only if we find that the plaintiff is not entitled to relief under any set of facts which could be proven in support of the claim. *Missoula YWCA*, ¶ 3.

## DISCUSSION

¶9 The Stevenses' complaint is styled as an action in tort. It alleges that § 85-2-302, MCA, required that their neighbors receive a permit from the DNRC prior to dredging and that, by not requiring them to obtain a permit, DNRC tortiously aided in an unauthorized appropriation of water-in violation of its statutory duty. Their complaint actually makes

very few factual allegations. It alleges that the neighbors did not possess a valid water right when they began dredging the slough; that in May 1993, DNRC issued a letter stating that Stevenses' neighbors did not need a DNRC permit to dredge; and that DNRC allowed this letter to be used in court as evidence that the neighbors did not need a DNRC permit.

¶10 According to the complaint, the events giving rise to this action occurred in 1993 and 1994. The statutory period for bringing a tort action is within three years of the wrongful act. Section 27-2-204, MCA. The present action was not commenced until February 2000-well beyond the statutory limit for doing so. We conclude, therefore, that the Stevenses' claim is barred by the applicable statute of limitations and that, even construing the complaint in the light most favorable to them, the Stevenses have failed to state a claim for which relief may be granted.

¶11 Finally, subsequent to the filing of briefs in this appeal and apparently in response to the District Court's determination that Clinch was not properly served, the Stevenses attempted to issue an amended summons to Clinch. They then filed with this Court a Request for Judicial Notice of Law which included a copy of the amended summons and additional argument. These filings do not alter our conclusion that the District Court correctly determined the suit is barred by the statute of limitations.

¶12 The order of the District Court is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER